UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NELSON VALLE,
BRUNILDA VALLECASTRO,

Plaintiff(s),

v.

JANE HAMILTON TORCIA *a natural person*,
BENDETT & MCHUGH, P.C.,

Defendant(s).

CASE NO: 15cv1081 (SRU)

15 U.S.C § 1692 *et seq.*

VERIFIED COMPLAINT

TRIAL BY JURY REQUESTED

JULY 14th 2015

## I. NATURE OF ACTION

*For Our Cause, Plaintiffs Affirm:*

**1.1**   This is an action for monetary and actual damages brought by Nelson Valle and Brunilda ValleCastro against defendants for violations of the Fair Debt Collections Practices Act.

**1.2**   This case presents a collection action taken under the false pretense of delegated authority at the expense and to detriment of the Consumers' rights, property, privacy and material well-being.

## II. AUTHORITY AND PUBLIC INTEREST

**2.1**   The private enforcement of the statute(s) invoked herein represent the Plaintiffs good faith effort in effectuating congressional intent. **With all its imperfections,** Plaintiffs maintain that this Complaint Is subject to the liberal standards of a non-BAR licensed attorney;[1] Prepared, pursuant to *Rule 8*; as a notice pleading.

**2.2**   This complaint is private in nature and public in scope to the extent that it serves to aid other least sophisticated consumers and/or private citizens who maybe similarly situated and/or otherwise aggravated by the collection practices of the defendants alleged herein.

**2.3**   Accordingly, the Plaintiffs, have reason to believe that the defendants have caused and will

---

[1] The paragraphs are indented with *(a)*, *(b)*, etc. so as to allow counsel to admit or deny a portion of a sentence eg. 2.1 admit, 2.1*(a)* denied, etc.

VERIFIED COMPLAINT
- 1

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

continue to cause injury to consumers here in Connecticut; certainly the least sophisticated.

## III. JURISDICTION AND VENUE

**3.1**  Jurisdiction of this Court arises -

    **a.** By federal question at *28 U.S.C. §1331;*

    **b.** At *15 U.S.C. 1692k(d);*[2]

**3.2**  Venue is proper pursuant to *28 U.S.C. §1391b* and in that the Plaintiffs reside here in Connecticut.

**3.3**  This Court has jurisdiction.

## IV. PARTIES

**4.1**  Plaintiff Nelson Valle, ("Valle" collectively "Plaintiffs", or "Consumers") is -

    **a.** A natural person residing in Connecticut.

    **b.** A consumer at FDCPA *§1692a(3)* and a person for purposes of *§1692d, -e(5)* and *-k;*

    **c.** Was alleged have incurred a consumer debt for personal, family or household purposes ("obligation") at FDCPA *§1692a(5);*

    **d.** Son, administrator/agent and owner of the current property subjected to the unlawful collection actions as set forth below.

**4.2**  Plaintiff Brunilda ValleCastro, ("ValleCastro" collectively "Plaintiffs", or "Consumers") is -

    **a.** A natural person residing in Connecticut;

    **b.** A consumer at FDCPA *§1692a(3).*

    **c.** Was alleged to have incurred a consumer debt for personal, family or household purposes ("obligation") at FDCPA *§1692a(5)* by defendants as evidenced in the communication at issue.

**4.3**  Defendant Jane Hamilton Torcia ("Torcia" or collectively "defendants") is -

    **a.** A natural person

    **b.** A debt collector as said term is contemplated in the FDCPA.

---

[2]  Under FDCPA statute of limitations within 1 year as set forth at *15 U.S.C. §1692k(d).*

VERIFIED COMPLAINT
- 2

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

  **c.** An attorney and/or employee of BPMC.[3]

  **d.** Represented herself to Plaintiffs as acting on behalf of Bank of New York Mellon ("BNY") as an attorney/agent and/or trustee.

  **e.** Regularly participates in the collection activities (litigation, clerical, public record research, etc.) on behalf of BMPC.

  **f.** Supervised, controlled, managed, ratified, and/or **directly** participated in the debt collection efforts at issue herein and more particularly described below.

**4.4** Defendant BENDETT & MCHUGH, P.C., ("BMPC" collectively "defendants") is -

  **a.** A collection law firm with its address at 160 Farmington Ave, Farmington, CT 06032.

  **b.** The principal purpose of BMPC is the collection of alleged debts due to another and/or the enforcement of alleged security interests.

  **c.** Regularly sends collection letters and files collection lawsuits.

  **d.** Represented themselves to Plaintiffs as acting on behalf BNY as an agent and/or trustee.

  **e.** Openly promote their collections enterprise online.[4]

### V. STATEMENT OF COMPETENT FACTS

**5.1** According to the defendants, BNY is a debt collector as said term is contemplated in the FDCPA.

**5.2** Prior to July 15th 2014, the Consumers made a verification disclosure request to BNY to which they never responded.[5]

**5.3** On an instrument dated July 15th 2014, Torcia caused a lis pendens ("instrument") to be recorded in Hartford Town Clerk's office communicating a legal interest in Valle's property. *Ex. A*

**5.4** Said instrument stated in relevant part that the legal interest –

  **a.** was filed in favor of BNY.

---

[3] Attorneys were included within the FDCPA when Congress found that *"[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA]. There is no indication that this is about to change. Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act."* H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

[4] See - *"The Practice Areas and Services offered by our firm..."* [http://www.bendett-mchugh.com/ ]

[5] In 2011.

VERIFIED COMPLAINT
- 3

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

      **b.** sought immediate possession of a *mortgaged* premises. (emphasis added)

      **c.** sought a deficiency judgment.

      **d.** sought the appointment of a receiver to collect rents and profits accruing from the premises.

      **e.** alleged BNY had received an "assignment of Mortgage" on or about <u>October 17th 2011</u>.

**5.5**    The undersign of said instrument appears to be Torcia.

**5.6**    The instrument referred to 66 Montowese Street Hartford, CT 06114 as the subject property.

**5.7**    The instrument's exhibit referred to 63 Montowese Street Hartford, CT 06114 as the subject property.

**5.8**    The <u>July 15th 2014</u> filing was Torcia's initial communication to Consumers on behalf of BNY.[6]

**5.9**    On <u>July 21st 2014</u> more than five days lapsed wherein the Consumers did not receive a disclosure notice.[7]

**5.10**    BNY has since confirmed to the Consumers that they do not have a legal interest in Valle's property.

**5.11**    Torcia <u>July 15th 2014</u> communication -

      **a.** deceived the Consumer regarding the defendants' agency with BNY.

      **b.** Falsely implied that the actions were being advanced on behalf of a creditor.

**5.12**    The defendants acted under the false pretense of delegated authority to take actions against Valle's property where no such authority was authorized by a creditor.

**5.13**    The defendants appear to be acting under the direction of an undisclosed 3rd party debt collector.

**5.14**    Defendants assert that Valle's property is collateral for an obligation that BNY denies claiming.

**5.15**    The defendants admission that BNY is a debt collector and the defendants action allegedly on behalf of BNY in utilizing the instrumentation of a creditor has confused the Consumers. This confusion is further exacerbated by BNY's position that they are neither—and not interested in Valle's property.

**5.16**    Defendants appear to have violated the FDCPA and inflicted dissonance on the Consumers as

---

[6] Three years prior in November of 2011 BMPC was alleged to be communicating with ValleCastro on behalf of another entity.
[7] See *FDCPA § 1692g(a)*.

VERIFIED COMPLAINT
- 4

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

described above, **with actual knowledge** or knowledge fairly implied on the basis of objective circumstances adjudged by the standard of the least sophisticated consumer.

**5.17** As a direct and proximate result of the defendants' collection activity, the Consumers have suffered actual damages including but not limited to—emotional distress; insomnia, outrage, irritability, confusion, apprehensiveness, humiliation, etc. In furtherance, the defendants have intruded on the Consumers' privacy awhile effectively coercing the Consumers to enjoin in a power relationship to which they have felt unlawfully at its mercy.

## VI. SUMMARY OF COUNTS

**6.0** Plaintiffs reincorporates all preceding paragraphs.

**6.1** <u>Count I – Prohibited Communication.</u> At FDCPA *§ 1692g(b), -e or -f*

    **a.** Defendants communication, on behalf of its alleged debt collector principal, was after the Consumers verification request to said collector and prior to a verification response from them.

    **b.** Defendants communication appears to be deceptive and/or unconscionable to the extent that the defendants were never authorized by BNY or alternatively unfair to the extent that the scheme circumvents a disclosure requirement upon a debt collector from a consumer for want of continuing a collection action by proxy without honoring said request—defendants aided if not unilaterally contrived this scheme.

**6.2** <u>Count II - Collection Under False Pretenses.</u> FDCPA *§ 1692e(9), -e(10), or f*

    **a.** Defendants advanced an action under the false pretenses of an alleged creditor wherein their alleged principal [BNY] is a debt collector which *has caused confusion* to the Consumers.

    **b.** Defendant took an action without the authorization of BNY.

    **c.** Defendants' communication falsely stated that BNY received an "assignment of Mortgage" where no event occurred or alternatively wherein the defendants falsely implied that a debt note was concurrently transferred.

    **d.** The defendants appear to be acting under the direction of an undisclosed 3rd party debt

VERIFIED COMPLAINT
- 5

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

collector to which has been concealed to the Consumers to their detriment.

6.3  **Count III - Tampering With Public Records.** FDCPA § *1692d(1)* or *f*

   a. Torcia's redecoration appears to be contemplated in Connecticut criminal code at § *53a-155* to the extent that the communication advances or otherwise provides a pretext by which the defendants used to justify further violations to the Consumers property concurrently restricting its unencumbered utilization. The pretext appears to contemplate judicial proceedings.

6.4  **Count IV - Deprivation of Disclosure Rights.** At FDCPA § *1692g(a)*, *-e(8)* and *-e(11)*

   a. Defendants redecoration was an initial communication on behalf its alleged principal BNY yet no disclose to the Consumers was sent within 5 days.

   b. The debt collector defendants redecoration was a communication to person(s) (city municipal and general public) presumably in favor of another debt collector [BNY] announcing the disposition of an alleged credit transaction and no where in the instrument did the defendants aver that the alleged obligation was in dispute.

   c. The debt collector defendants' redecoration was a communication, presumably in favor of another debt collector [BNY], and nowhere in the instrument did the defendant aver that the communication were from debt collectors and that said communication was an attempt to collect a debt.

6.5  **Count V - Prohibited Action/Presumption of Authority.** At FDCPA § *1692e(4), -e(5), -f(6)(a)*

   a. Defendants threatened to take a legal action against the property or interest of the Consumers where no such authority by a creditor was conferred or alternatively were no threat could be legally advanced.

   b. Defendants threatened to seek a deficiency judgment in favor an entity who lacked the requisite license to collect said alleged deficiency.

   c. Defendants took a nonjudicial action to effect dispossession or disablement of Valle's property

VERIFIED COMPLAINT
- 6

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

where no present right to possession of the property claimed as collateral through an enforceable security interest existed to the defendants nor any claimed by their alleged principal.

## VII. PRAYER

**7.1**   *Relief Requested,* include such relief for –

*a.* Monetary damages to offset any vexatious advancement sought by defendants against the acquisition of Valle's property.

*b.* Monetary damages of $1,000 pursuant to FDCPA *§1692k* per liable defendant.

*c.* Actual Damages pursuant to FDCPA for emotional distress per liable defendant to be determined by the jury.

*d.* Attorneys fees and costs, as they may bare, pursuant to the FDCPA.

*e.* Any such further relief as the Court may deem just, right and equitable under the circumstance.

## VIII. DEMAND FOR JURY TRIAL

**8.1**   Plaintiffs hereby respectfully requests a trial by jury of all issues so triable as a matter of law.

_[signatures]_

VERIFIED COMPLAINT
- 7

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

# EXHIBIT A

(Lis Pendens)

VERIFIED COMPLAINT
- 8

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
ryx22@live.com

VOL: 6841 PG: 204

Record & Return to:
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
0028FC-20117830

00009297
Jul 21,2014 01:43P
Hartford, CT

| | | |
|---|---|---|
| RETURN DATE: AUGUST 12, 2014 | : | SUPERIOR COURT |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4 | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| VALLE CASTRO, BRUNILDA, ET AL | : | JULY 15, 2014 |

## NOTICE OF LIS PENDENS

Notice is hereby given of the pendency of a civil action between the above named parties by complaint and summons thereon, dated July 15, 2014 and made returnable to the Superior Court for the Judicial District of Hartford at Hartford on August 12, 2014, which action is brought to foreclose a Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. from Brunilda Valle Castro dated March 23, 2005 and recorded March 28, 2005 in Volume 5288 at Page 327 of the Hartford Land Records. Said Mortgage was assigned to The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4 by an assignment of Mortgage, dated October 17, 2011 and recorded October 31, 2011 in Volume 6491 at Page 92. Such action specifically requests the following:

VOL: 6841 PG: 205

1. A foreclosure of said mortgage.
2. Immediate possession of the mortgaged premises.
3. A deficiency judgment. **No deficiency will be sought against any person whose obligation under the subject promissory note has been heretofore or hereafter discharged in bankruptcy.**
4. The appointment of a receiver to collect rents and profits accruing from the premises.
5. Reasonable attorney's fees and costs.
6. Such other relief and further equitable relief as may be required.

The Mortgaged Premises is that certain real property with buildings thereon, situated in the City of Hartford, County of Hartford, and State of Connecticut, which is at 66 Montowese Street, Hartford, Connecticut, more particularly bounded and described as set forth in Exhibit A, attached hereto and incorporated by reference as if herein set forth verbatim.

Dated at Farmington, Connecticut, July 15, 2014.

RESPECTFULLY SUBMITTED
PLAINTIFF,

Jane Hamilton Torcia
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
860-677-2868
Juris No. 102892
Its Attorneys

JAF/CONV

# EXHIBIT A

A certain piece or parcel of land, together with the buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, and known as No. 63 Montowese Street, also known as Lot #22 on a map or plan entitled "Property of William E. A. Buckeley and T. Charles Tredeau, Franklin Avenue et al. Hartford, Conn. Scale 1"=50' 1913-1915 Spencer and Washburn, Engrs.", which map or plan is on file in the Hartford City Clerk's Office to which reference may be had, said premises being more particularly bounded and described as follows:

NORTHERLY:   by Lot No. 75, as shown on said map or plan, 50 feet;

EASTERLY:    by Lot No. 21, as shown on said map or plan, 110 feet;

SOUTHERLY:   by the highway, Montowese Street, as shown on said map or plan, 50 feet; and

WESTERLY:    by Lot No. 23, as shown on said map or plan, 110 feet.

## ACKNOWLEDGEMENT

State of Connecticut     )
                         ) ss
County of Hartford       )

On **July 14 2015**, before me, **Maritza Braithwaite**, notary public in and for Hartford County, State of Connecticut, personally appeared Nelson Valle, who proved to me on the basis of satisfactory evidence to be the party whose name is subscribed to the within instrument and acknowledges to me that Nelson Valle, set forth the contents hereof in authorized capacity, and that by signing the instrument Nelson Valle, hereby executes the instrument.

### VERIFICATION OF COMPLAINT AND CERTIFICATION

1. I am the Plaintiff in this civil proceeding.
2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the   extension, modification or reversal of existing law.
3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless  increase in the cost of litigation to the Defendant, named in the Complaint.
4. I have filed this Complaint in good faith and solely for the purposes set forth in it.
5. Each and every attachment I have provided to this Complaint is a true and correct copy of the original.
6. Except where clearly indicated, I have not altered, changed, modified or fabricated these attachments, except that some of the attached exhibits may contain some of my own handwritten notations.

I certify under penalty of perjury under *28 U.S.C. § 1746(2)* and the laws of the State of Connecticut that the foregoing paragraph is true and correct.

_____
Witness my hand and official seal:

*Maritza M Braithwaite*
**NOTARY PUBLIC SIGNATURE**

My commission expires _____
                                    2019
My Commission Expires February 28, ~~2014~~

**NOTARY PUBLIC SEAL**

VERIFIED COMPLAINT
- 9

Nelson and Brunilda Valle (Castro)
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com