1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2016 JAN 20 P 3: 06

US DISTRICT COURT
HARTFORD CT

2

NELSON VALLE,

3

Plaintiff,

4

v.

5

BANK OF NEW YORK MELLON, *et al.*

6

7

Defendant(s).

8

**CASE NO:**

**Fair Debt Collection Practices Act**
**CT Unfair Trade And Deceptive Practices**

**VERIFIED CLAIMS**

**TRIAL BY JURY REQUESTED**

**JANUARY 19th 2016**

9

<u>NOTICE OF CONSUMER PROTECTION ACTION</u>

10

The following is furnished pursuant to State statute and encouraged by federal policy for data
gathering purposes. The action is private in nature and public in scope and represents a private
Consumer's good faith effort, without the assistance of counsel, to effectuate legislative intent. This
complaint is furnished so as to provide basis, in whole or in part, for further investigations if such
investigations are deemed so warranted in the interest of consumer protection.

11

12

13

Respectfully,
*Nelson Valle*

14

15

16

17

18

| **Cc:** | Consumer Financial Protection Bureau<br>P.O. Box 4503<br>Iowa City, Iowa 52244<br>**Attn:** Office of Compliance<br>US Mail Cert. - # 7014 2120 0003 8271 3412 | **Cc:** | Connecticut Office of Attorney General<br>55 Elm St,<br>Hartford, CT 06106<br>**Attn:** Office of Compliance<br>US Mail Cert. - # 7014 2120 0003 8271 3436 |

19

20

21

| **Cc:** | Connecticut Office of Consumer Protection<br>165 Capitol Ave # 3,<br>Hartford, CT 06106<br>**Attn:** Office of Compliance<br>US Mail Cert. # - 7014 2120 0003 8271 34129 | | |

22

23

24

25

26

27

28

AMENDED COMPLAINT
- 1

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NELSON VALLE, | CASE NO: |
| Plaintiff, | *Fair Debt Collection Practices Act* |
| | *CT Unfair Trade And Deceptive Practice* s |
| v. | |
| BANK OF NEW YORK MELLON, | **VERIFIED CLAIMS** |
| BENDETT AND MCHUGH, P.C., | |
| JANE HAMILTON TORCIA, *a natural person* | |
| JEFFREY M. KNICKERBOCKER, *a natural* | **TRIAL BY JURY REQUESTED** |
| *person* | |
| GREEN TREE SERVICING, LLC., | |
| JEREMY J. IVERSON, *a natural person* | |
| SAVANNAH WITTE, *a natural person* | |
| THE WITHERSPOON LAW GROUP, | |
| JOHN P. FAHEY, *a natural person,* | |
| Defendant(s). | **JANUARY 19ᵗʰ 2016** |

*FOR OUR CAUSE WE THE CONSUMER AFFIRM,*

## I. THE ACT[1] - OPENING SCENE[2]

**O.**[3]     **Something is rotten,** but contrary to Marcellus's suggestion to Horatio, it's not in Denmark.[4] Rather, it's in the deceptive, salacious and oppressive debt collection practices that cause irreparable harm to the least sophisticated consumer *and* without shame or restraint, even seeks to inappropriately touch our honorable lady justice herself--**right here in Connecticut.**

## II. PRIVATE ENFORCEMENT[5] - PRELIMINARY FINDINGS

**2.1**     Each third party entity identified herein are at all times *deceptively* seeking a) to collect an alleged debt [due and allegedly owing] *and* to enforce an alleged interest in real property to an

---

[1] Sec – 15 U.S.C §1692 *et seq.*

[2] However inartfully plead, Valle respectfully demands his pleadings be held to a less stringent standard than formal pleadings drafted by lawyers. See generally *Haines v. Kerner.* (1972) (citations omitted)

[3] This Court has **jurisdiction** by **federal question** at 28 U.S.C. §1331; At 15 U.S.C. 1692k(d); **supplemental jurisdiction** exists 28 U.S.C. §1367 and **Venue** is proper pursuant to 28 U.S.C. §1391b and b(2) in that Valle resides here in Connecticut because defendants' collection communications were received in this district.

[4] William Shakespeare, HAMLET, *Act 1, Sc. 4.*

[5] *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008) (noting how the FDCPA "enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others").

**AMENDED COMPLAINT**
- 2

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1  undisclosed "creditor" or alternatively furnishing conflicting representation as to the alleged creditor to

2  whom is demanding payments therein impeding Valle's ability to squarely address the legitimacy of the

3  demanding party's alleged debt claim.

4  **2.2**    Valle has relied on the *clear language* of the federal statute[6] at question and the *common usage* of

5  terms as readily understood by a reasonable person.[7]

6      **1. creditor** -- any person who offers or extends credit creating a debt or to whom a debt is owed,

7  but such term *does not* include *any* person to the extent that he receives *an assignment or transfer of a*

8  *debt* in *default* solely for the purpose of facilitating collection of such debt for another.  (emphasis added)

9      **2. communication** – means the conveying of information regarding a debt directly or *indirectly*

10  to *any* person through *any* medium. (emphasis added)

11      **3. obtain** - verb (used with object) 1. to come into possession of; *get*, acquire, or procure, as

12  through an *effort or by a request:*

13  **2.3**    Valle has also relied on the primary federal statute—the FDCPA, so as to engage the mechanism

14  of a 'private attorney general' to benefit other consumers. This timely piece of federal legislation invokes

15  protections within the construction of *strict liability* afforded to the *least sophisticated consumer.* Indeed,

16  *v*iolations have been found to occur by causing confusion, ambiguity or even by affirmative omissions.

### III. RELEVANT FACTUAL BACKGROUND - SUPPORTED BY OATH/EXHIBIT

18  **3.1**    At all time material, the defendants identify a <u>debt</u> alleged to be related to a certain property on <u>66</u>

19  <u>Montowese Street in Hartford Connecticut</u> arising from a consumer transaction primarily for personal,

20  family or household purposes with Countrywide—said alleged <u>debt</u> defaulted, according to Countrywide,

21  in <u>September 12, 2007</u> was never reinstated and treated as such thereafter.

22  **3.2**    On or about <u>October 17th 2011,</u> a document appeared in the Hartford County Recorder's Office in

23  connection with a debt in favor of **Bank of New York Mellon.**[8] <u>Ex. A</u>

---

[6]The federal Fair Debt Collections Practices Act

[7]See - https://www.law.cornell.edu/uscode/text/15/1692a (last visited December 20th 2015) See also - http://dictionary.reference.com/browse/obtain (last visited December 20th 2015)

[8]**THE BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES SERIES 2005-4.  ("Bank of New York Mellon.") Note:** The complete name of this purported entity appears to require the Plaintiff to plead a legal conclusion as to its agency to another entity—an alleged trust; if indeed they are not one in the same or even legally recognizable under a valid and enforceable contract. Nonetheless, the Plaintiff makes no warranty as to the accuracy or legality of this "designation" and has furnished it as it was represented [by name] to the Consumer.

**AMENDED COMPLAINT**
- 3

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**3.3**    As an *unrecognized*[9] third party entity, the October 17th 2011 communication to the Town Clerk's office in Hartford caused a belief in the Consumer that it was **Bank of New York Mellon's** *initial* communication *indirectly* to the Consumer as there was no other communication expressing an interest in an alleged debt or real property at issue prior to this communication.

**3.4**    The *initial* communication created a belief in the Consumer that it was in connection with the collection of a debt by referencing, *"together with the note"*...

**3.5**    No communication was received at 66 Montowese Street from BMPC within 5 days of the identified *initial* communication **ie.** October 22nd 2011. [or alternatively Nov. 4th 2011 as was recorded October 31st 2011]

**3.6**    On or about November 23rd 2011, **within 30 days** of the identified *initial* communication, Consumer sent **Bank of New York Mellon'** a validation/verification ("VoD") request at their address at 101 Barclay Street - 4W New York, NY 10286. **Ex. B**

**3.7**    The **Bank of New York Mellon** never responded to the verification/validation request.

**3.8**    On a communication dated November 14, 2011, BMPC sent a certified U.S Mail to 66 Montowese Street in connection with an alleged debt asserting the purpose of the letter, *"is to provide you notice under Section 8-265ee of Connecticut General Statute..."*. The letter represented that it was in favor of **Bank of America, N.A.** This entity was identified as another debt collector. **Ex. C**

**3.9**    As an unrecognized entity, the communication caused a belief in the Consumer that it was the *initial* communication from said entity as no other communication from this entity was ever received prior to this date. It was considered as such accordingly.

**3.10**    The *initial* communication contained a notice,

> "UNLESS YOU, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY US. IF YOU NOTIFY US IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT AGAINST YOU (IF APPLICABLE) AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY US. ALSO, UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THE FACT THAT YOU HAVE THIRTY (30) DAYS TO INDICATE A DISPUTE WILL NOT PREVENT US FROM FILING SUIT WITHIN THAT TIME."

---

[9]By contract or consent

**AMENDED COMPLAINT**
- 4

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305 791 8959 phone
rvx22@live.com

**3.11**   The *initial* communication further asserted,

> **"THE LAW FIRM OF BENDETT & MCHUGH, P.C. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE."**

**3.12**   The *initial* communication caused confusion as to the purpose of the communication as it identified that it was a notice **under state law** yet contained elements of a **federally mandated** disclosure. Because the <u>creditor</u> was not clearly disclosed it gave rise to the belief in the Consumer that Bank of America, N.A. was the purported <u>creditor</u> as they were the only entity listed [Is this notice a defect?] or alternatively that a notice disclosure consistent with federal law was to be sent *within* 5 days.

**3.13**   The *initial* communication created a belief in the Consumer that it was in connection with the collection of a debt by referencing, *"due to payment default"*... and related to a property 66 Montowese Street directing, *"a face-to-face meeting with a consumer counseling agency to attempt to resolve the delinquency or default...by restructuring payment schedule."*

**3.14**   The reference statement, *"any information we obtain [in collection of a debt] will be used for that purpose."*, caused concern because it left the Consumer to wonder through whom *"information"* would be *"obtain[ed]"*, eg. From the <u>consumer</u>, the <u>creditor</u>, a <u>credit reporting agency</u>, or another <u>undisclosed third party</u>? Presumably all of the above?

**3.15**   No communication was received at 66 Montowese Street from BMPC within 5 days of the *initial* communication ie. <u>November 19th 2011</u>.

**3.16**   With confusion [because of the uncertainty surrounding the *initial* communication] and concern [because of the acquisition and disclosure of private, non-public personal information], on or around <u>November 23rd 2011</u>, **within 30 days** of the identified *initial* communication, a verification/validation was sent to BMPC as the previous communication [*initial*] again left uncertainty as to who was the identity of the <u>creditor</u> through whom BMPC was collecting for.

**3.17**   On <u>December 8th 2011</u>, BMPC responds with documents purporting verification/validation on behalf of **Bank of New York Mellon**? This left matters uncertain as to whom **BMPC,** was allegedly seeking to collect for **Bank of New York Mellon** or **Bank of America, N.A**? If the creditor has changed within weeks of BMPC's *initial* communication in favor of **Bank of America, N.A**, would that require

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

BMPC to furnish another notice under section g(a) of the FDCPA to document this change and communicate that change clearly in favor of **Bank of New York Mellon** with the Consumer accordingly by way of a new FDCPA section (g)(a) disclosure? **Ex. D**

**3.18**     Said communication was deemed unresponsive to this consumer's verification/validation inquiry specifically as to the issue of who was the current creditor. The communication did not explain the discrepancy in entities alleging to assert a valid debt claim from BMPC's first identified entity--BoA to the second identified entity--BNY or how can they [BNY] be independently verified by the Consumer or otherwise engaged directly.

**3.19**     **Bendett & McHugh P.C.**, in the subsequent communication, declined to affirm **Bank of America, N.A.** as their client [current creditor], **refused to furnish the mandatory notice in accordance with the FDCPA**[10], And left uncertain who BMPC was **obtaining verification from.** Subsequently, BMPC **abandoned communications altogether.**[11]

**3.20**     After reviewing documents furnished by both debt collectors-- Bank of New York Mellon and **Bendett & McHugh P.C.**, matters were left unsettled particular, the Consumer was left without the benefit of federal protections responsive to a mandatory initial disclosure from two collectors.

**3.21**     To the extent that  **Bank of New York Mellon** sought to assert a valid claim by way of a resultant document,[12] neither did they comply with requirements mandated by contract[13], UCC[14] and federal law[15]. Accordingly, any such claim purported by this identified third party was deemed abandoned, as all communications voluntarily ceased.[16]

---

[10]See FDCPA 1692g

[11]Only to deploy a "gotcha!" technique three years latter by initiating a lawsuit curiously after **Green Tree** learned that ValleCastro would be recovering from heart surgery.

[12]This type of document is frequently used  to gain acceptance of a conclusion that the document doesn't actually prove. The defendants act as if the conclusion represented by the document actually proves itself without requirement of substantiating evidence. This, of course, is not true. These types of documents are not self-authenticating. This types of document contains no intrinsic truths and only raise questions not yet answered by the entity purporting to assert the allegations therein. In other words, what were the ultimate facts that led to the document being created? An "Assignment of Mortgage" in the public records, is proof that it was created and recorded. It is not proof, however, that any actual transfer occurred  or that the Bank of New York Mellon was ever owed any debt. Whether a this document helps prove anything larger than its mere existence is impossible to know without Bank of New York Mellon verify their claim by the required statutes/contract that the circumstances and documents related to its creation can be substantiated.

[13]See - ¶20 Mortgage Covenant

[14]See – *UCC § 9-406*

[15]See - *15 U.S.C § 1641* at sec. *131*

[16]**Note:** Although the defendants may make a red hearing argument as to the insignificance of said document under the statute of the state, such assertions are not central as to the question of whether a violation of under federal law. That is what is at issue here.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**3.22**    On or about <u>May 14th 2014</u>, Nelson Valle's ("Valle", "Consumer" or "Plaintiff") principal ValleCastro, [after several years of recurring heart problems of which some required emergency room by way of dispatching for 911] needed to undergo heart surgery tasking Valle—with durable powers of attorney, to make all arrangements on her behalf-- "in her shoes", including attending to all matters of personal finance and otherwise protect all her legal interests, etc. as she was unable to effectively attend to them herself.[17] **Ex. E**

## IV. <u>SIX COMMUNICATIONS DEEMED VIOLATIVE UNDER FEDERAL LAW</u>

**4.1**    At all time material, Valle has identified that the *communications* and *conduct* giving rise to the federal claims at issue originate from **third party entities**—debt collectors, who arrive in *private* commerce *unrecognized* by *contract*[18] or *consent*—<u>therein recognized as **trespassers.**</u> The communication(s) are received in his abode at 66 Montowese Street Hartford, CT 06114 ("abode").

    **a.** addressed to a natural person in a personal capacity, rather than in a corporate or business capacity. [originated from]

    **b.** a place other then Valle's abode—without hand courier delivery, therein constituting the use of the U.S. mails.

**4.2**    Each *natural* person identified as defendants in this matter have advanced the deception, misrepresentations and confusion sustained by the consumer. **Jeffrey M. Knickerbocker** specifically has claimed responsibility for each of the relevant communications as evidenced in his affidavit. Interestingly, upon a *deception* suit filed by the Consumers against his very debt collector firm, **Jeffrey M. KnickerBocker** [a debt collector of the firm]**,** was immediately dispatched by **Bendett & McHugh, P.C.**, to find a platform so as to gain a federal audience and repeat the deceptions identified by Valle and asserted here in these claims. Indeed, his affidavit stands as the only document verified by oath in support of any claim alleged by **Bendett & McHugh, P.C. Ex. K**

---

[17]Preserved in the federal record – See *ValleCastro v. Tobin, Melien & Marohn, et al* **Dkt. 35** Affidavit of BrunildaValleCastro In Support of a Continuance (May 14th 2014)
[18]Directly given to the debt collector defendant.

**AMENDED COMPLAINT**
- 7

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**4.3     September 2nd 2015 – Electronic/Email Correspondence.**  On September 2 and 9th 2014, **Bank of New York Mellon**[19] affirmed to **both the CFPB and Valle** by email[20] that they **do not -**

    **a.** Own the alleged loan nor the Plaintiffs' property.

    **b.** Have **any say** on how the Plaintiffs' property is disposed.

    **c.** Upon **their investigation** [BNY's], after verifying their database, instructed the Consumer to inquire assistance from a **Bank of America, N.A.** not Green Tree.

    **d.** BNY **did not** affirm their right to collect from Plaintiffs.

**4.4     Bank of New York Mellon's** disclosure that they do not have an interest in the alleged debt and otherwise directed Valle to the "only" entity that could address Valle's inquiries caused confusion. [Communication #1] Ex. L

**4.5     On or about October 14th 2014, Bendett & McHugh, P.C.**, sends a purported verification/validation response to the Consumer affirming **Bank of New York Mellon's** debt/interest claims. Ex. F [Communication #2]

**4.6     The consumer found this communication confusing the following reasons -**

        **Re: THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4 v. Valle Castro Property Adress: 66 Montowese Street, Hartford, CT 06114**

        **THIS COMMUNICATION IS FROM A DEBT COLLECTOR, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE**

    **a.** This communication left the Consumer uncertain as to whom the referent "Debt Collector" was referring to—clearly BMPC announced that they were a debt collector below, so did that mean that Bank of New York was also a debt collector?  And what happened the Bank of America, N.A?

---

[19]As purported "trustee" for an alleged trust – CWABS, Inc.

[20]Exchange between Consumer [rvx22@live.com] and Bank of New York Mellon [MBS.Property.Inquiries@BNYMellon.com] – on September 2014 .

AMENDED COMPLAINT
- 8

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**"The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4 is currently the party entitled to collect the debt under the Note and enforce the Mortgage."**

**b.** What does that mean? Does it mean that BNY is a debt collector? Or is BMPC suggesting that they are a creditor? This communication was found by this Consumer to be confusing furthermore, Bank of New York Mellon declined to affirm any of these allegations when the Consumer requested so by email/CFPB. How are these two representations reconcilable?

**c.** Who did BMPC *obtain* this verification/validation from? Was it GT? Would that make GT the creditor? But GT is a debt collector.

**4.7**    **December 8th 2014 Communication – Hartford Superior Court Hearing**. On December 8th 2014, Valle attended a hearing on subject matter jurisdiction—his principal was unable to because chronic low back pain, and was engaged directly by **Bendett and McHugh. P.C.** wherein Valle -

**a.**    notified them of his agency status-with **Durable Powers of Attorney** in hand on behalf of his principal to -

**b.**    to challenge **agency status**, as **Bank of New York Mellon** had already communicated to Valle that they are not enforcing any purported interest—debt or property, as alleged in the State suit.

**c.**    establish interest as a tenant in the subject property wherein he was never served. [and]

**d.**    to challenge jurisdiction of ground of federal preemption—ambiguous communications under federal law that disclosed another creditor [?] **Bank of America**; not the named creditor [?] in the complaint—**Bank of New York Mellon**. [And]

**e.** Valle heard the Court to have asked **BMPC**, if they objected to Valle's presence in said Court. **BMPC** did.

**4.8**    It is unclear [neither can Valle directly recall] if an objection was sustained for the record, nonetheless, Valle because of lack of legal training and sensitivity to court etiquette—namely being held in contempt, *did not* speak and was *unable* to **protect his legal interests** at said hearing.

**4.9**    Accordingly, Valle was unable to demonstrate that the named plaintiff Bank of New York Mellon had already communicated with him that they did not have an interest in the subject property or in any alleged debt. [Communication #3]

AMENDED COMPLAINT
- 9

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**4.10**    On <u>February 6ᵗʰ 2015</u>, Valle became sole owner of the subject property.   **Ex. G**

**4.11**    **February 6ᵗʰ 2015 Communication**[21] – **Hartford Town Clerk's** On July 15ᵗʰ 2014, after about three years of no communication-- previously refusing to provide the requisite FDCPA section (g)(a) notice, **Jane Hamilton Torcia** caused a lis pendens ("instrument") to be recorded in Hartford Town Clerk's office communicating a legal interest in Valle's property.   **Ex. H** and **Ex. I**   [Communication #4]

**4.12**    Said instrument stated in relevant part that the legal interest –

    **a.** was filed in favor of **Bank of New York Mellon**.

    **b.** sought immediate possession of a *mortgaged* premises.   (emphasis added)

    **c.** sought a deficiency judgment.

    **d.** sought the appointment of a receiver to collect rents and profits accruing from the premises.

    **e.** alleged BNY had received an "assignment of Mortgage" filed on or about October 31ˢᵗ 2011.

**4.13**    The undersign of said instrument appears to be Jane Hamilton Torcia.

**4.14**    The instrument referred to 66 Montowese Street Hartford, CT 06114 as the subject property.

**4.15**    The July 15ᵗʰ 2014 filing was **Jane Hamilton Torcia's** initial communication to Consumers on behalf of BNY.[22][?] On July 21ˢᵗ 2014 more than five days lapsed wherein the Consumers did not receive a disclosure notice.[23]

**4.16**    On July 15ᵗʰ 2014, **Jeremy J. Iverson** caused a registration form ("registration") to be effectuated and stashed behind the Hartford Town Clerk's office— ie., a creditor form *literally* kept from public view away from the land records **behind** the Town Clerk's front desk, accessible *only* upon by request-- communicating a legal interest in Valle's property.

**4.17**    Said registration stated in relevant part that the legal interest –

    **a.** in compliance with *C.G.S. §7-34a, §7-148ii*, Public Act 11-201.[24]

    **b.** was in care of **Jeremy J. Iverson** at 7360 S. Kyrene Rd., Tempe, AZ 85283

    **c.** was alleged to be filed in favor of **Bank of New York Mellon**.

---

[21]This communication appears in the Town Clerk's around July 15ᵗʰ 2014. However, Valle does not discover this notification until at or around the time he retains possession of the subject property.

[22]Three years prior in November of 2011 BMPC was alleged to be communicating with ValleCastro on behalf of Bank of America, N.A.

[23]See *FDCPA § 1692g(a)*.

[24]PA 11-201 (§§13-15) makes

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**4.18**    The person directly responsible for importuning said registration appears to be **Jeremy J. Iverson** —evidenced by his personal correspondences. [Presumably working closely with **Jeffrey M. KnickerBocker** and **Jane Hamilton Torcia**.]

**4.19**    The registration referred to 66 Montowese Street Hartford, CT 06114 as the subject property.    .

**4.20**    On <u>March 15th 2015</u>, Valle attempts to gain clarification as to the discrepancy as to the identity of the creditor and engaged **Bendett and McHugh P.C.** in hope to of settling this matter with the purported creditor. **Bendett and McHugh P.C.** refused to respond to Valle. **Ex. J**

**4.21**    On <u>April 24th 2015</u>, **Green Tree** confirmed to Valle, in accordance to **Bendett and McHugh P.C's** November 14th 2011 *initial* disclosure [?][25], that **Bank of America, N.A.** is the creditor to whom the debt is owed and that **Green Tree** is the "note holder" not **Bank of New York Mellon**. Subsequently directing Valle good funds to bank **Bank of America, N.A**—to whom they are collecting for, through their [**Green Tree's**] account.

**4.22**    **November 24th 2015 - Motion for Possession of Property.** On <u>November 24th 2015</u>, the Plaintiff identifies a communication[s] received in his abode advancing the debt claim alleged to be related to an interest in real property under a entitled "motion for strict foreclosure" inclusive of a *Preliminary Statement of Monetary Claim* [and] ("Monetary Claim") and *Affidavit of Debt* ("Affidavit") and featured two natural persons with claims --**Jeffrey M. Knickerbocker** and **Savanah Witte** in favor of the **Bank of New York Mellon**. [Communication #5]  **Ex. K**

**4.23**    **December 31st 2015 - Notice to Bankruptcy Court.** On <u>December 31st 2015</u>, the Plaintiff identifies a communication[s] received in his abode advancing the debt claim alleged to be related to an interest in real property inclusive of a *Appearance And Request For Notices* and features a natural person—**John P. Fahey** in favor of the **Bank of New York Mellon**.  [Communication #6]

**4.24**    Valle, at all time relevant, has had to examine, assist, respond, etc., to the communications furnished by **third party entities** to his principal-including the debt collectors' communications at issue.

## V. <u>PRIVATE ENFORCEMENT - AFFIRMATIVE FINDINGS</u>

**5.1**    As an immediate matter, the defendants advanced the collection actions at issue in unison. The

---

[25]Or would could only presumed to be.

AMENDED COMPLAINT
- 11

Nelson Valle
c/o 66 Montowese St
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

portrayal to the contrary, overt or subtle, is simply for judicial consumption. Bendett defendants collect for Green Tree defendants regularly.

**5.2**     In analyzing whether <u>claims</u> were stated, Valle closely considered the standards as articulated -

| a. | As to the federal **Fair Debt Collections Practices Act** - *Carrington v. Chrysler Financial Corporation.*[26] |
|---|---|
| b. | As to Connecticut's **Unfair Trade and Practices Act** - *Ventres v. Goodspeed Airport, LLC,.*[27] |

**5.3**     In verifying that both the alleged <u>debt</u> at issue **and** the enforcement of an alleged <u>interest</u> in real property by the defendants, Valle closely considered -

| a. | The alleged <u>debt</u> *and* concurrent enforcement action alleging <u>interest effecting real property</u>, according to the defendants, arose from a consumer transaction for personal, family or household purposes with Countrywide; a credit extension for property creating the alleged debt--deemed default in September 12th 2007. [and] |
|---|---|
| b. | The communications at issue are addressed to a natural person in a personal capacity, rather than in a corporate or business capacity. |

**5.4**     In verifying the capacity of **Bank of New York Mellon** as a <u>debt collector</u> under the <u>FDCPA</u>, Valle came to determine that -

| a. | **Bank of New York Mellon**[28] did <u>not</u> offer or extend credit creating the alleged debt at issue —presumably, it was Countrywide. |
|---|---|
| b. | **Bank of New York Mellon** represents that the <u>debt</u> at issue is owed to another – presumably owed to a trust through which the **Bank of New York Mellon** collects or otherwise acts as a "trustee for the Certificateholders" of said trust. **[?]**.  And regularly collects for said "Certficiateholders" indirectly through the use of other debt collectors— **Green Tree, Bendett** and **McHugh, P.C.** and the **Witherspoon Law Group.** |
| c. | **Bank of New York Mellon**  <u>does not</u> represent that the <u>debt</u> at issue is owed to them. **[?]** [According to private communications with the Consumer and the CFPB.] |
| d. | **Bank of New York Mellon** regularly files collection lawsuits [or allows the use of their name for the same] so as to collect debts [or alternatively enforce alleged interest in real property of which is the principal purpose of its purported function in the capacity of "trustee", includes importuning documents--"assignments", etc. via use of the U.S. mails] as evidenced in the Connecticut Judicial dockets—over 1000 cases.[29] And did so in the matter at hand. |

---

[26] No. 10–CV–1024 NGG VVP. 2010 WL 1371664, at *1 (E.D.N.Y. April 6th 2010 (Garaaufis, J.)

[27] 275 Conn. 105, 154–55 (2005)

[28] Headquarters/principal place of business  is at 225 Liberty Street Manhattan, New York 10261

[29] See – http://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited Nov. 23rd 2015)

AMENDED COMPLAINT
- 12

Nelson Valle
c/o 66 Montowese St
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

| e. | To the extent that a legal theory exist asserting **Bank of New York Mellon** a creditor in the matter at hand, in the process of collecting the purported debt owed to them, the use of **Green Tree** [including a debt collector "power of attorney" ], **Bendett and McHugh, P.C.** and **The Witherspoon Law Group** as third party debt collectors constitutes a use of a name other than its own therein falling under the ambit of the FDCPA. |
| --- | --- |
| f. | To the extent that **Bank of New York Mellon** claims that such <u>debt</u> is owed to them on a purported transfer document filed in public record on <u>October 31st 2011,</u> said document and/or transfer "occurred" after the alleged debt was deemed defaulted— <u>September 12th 2007</u>.[30] |

**5.5**    In verifying the capacity of **Bendett & McHugh, P.C.,  Jeffrey M. Knickerbocker,** and **Jane Hamilton Torcia** as <u>debt collectors</u> under the <u>FDCPA</u>, Valle came to determine that -

| a | **Bendett & McHugh, P.C**[31] does <u>not</u> represent that the <u>debt</u> at issue resulted from an offer or an extension of credit created by them. |
| --- | --- |
| b. | **Bendett & McHugh, P.C** does <u>not</u> represent that the <u>debt</u> at issue is owed to them, presumably it's owed to **Bank of New York Mellon** [according to judicial submission(s)] or **Bank of America, N.A.** [according to their FDCPA 2011 mandatory disclosure[32]] |
| c. | **Bendett & McHugh, P.C** regularly uses the mails in furnishing documents—like dunning for payments, the principal purpose of which is the collection of a <u>debt</u> and did so in the case at hand. |
| d. | **Bendett & McHugh, P.C** regularly files collection lawsuits so as to collect debts [or alternatively enforce alleged interest] due to another as evidenced in the Connecticut Judicial dockets—over 1000 cases.[33] |
| e. | **Bendett & McHugh, P.C** includes a **federally mandated jurisdictional disclosure**  in their communications which presupposes a requirement to comply—only debt collectors are required under federal law to disclose such--not creditors. |
| f. | **Bendett & McHugh, P.C** openly promote their collections enterprise online.[34] |
| g. | **Jeffrey M. Knickerbocker** is an attorney and/or employee of BPMC.[35] |
| h. | **Jeffrey M. Knickerbocker** represented himself to the Plaintiff as a debt collector on behalf of **Bank of New York Mellon** ("BNY") according to his affidavit. |
| i. | According to his affidavit, **Jeffrey M. Knickerbocker** supervised, controlled, managed, ratified, and <u>directly</u> oversaw <u>the entire collections operation</u> at issue—over twenty five |

---

[30]See generally – *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003);

[31]Place of business is located at 160 Farmington Ave, Farmington Connecticut.

[32]FDCPA 1692g(a)(2) ???

[33] See – http://civilinquiry.jud.ct.gov/PartySearch.aspx  (last visited Nov. 23rd 2015)

[35] Attorneys were included within the FDCPA when Congress found that  *"[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA]. There is no indication that this is about to change. Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act."* H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.

[34]See – http://www.bendettandmchugh.com (last visited December 8th 2015)

AMENDED COMPLAINT
- 13

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

| | billable hours worth. |
|---|---|
| **j.** | **Jane Hamilton Torcia** is an attorney and/or employee of BPMC. |
| **k.** | **Jane Hamilton Torcia** represented herself to the Plaintiff as a debt collector on behalf of **Bank of New York Mellon** ("BNY") evidenced by her signature on the lis pendens. |

**5.6**    In verifying the capacity of **Green Tree** as a <u>debt collector</u> under the <u>FDCPA</u>, Valle came to determine that -

| | |
|---|---|
| **a.** | **Green Tree** did <u>not</u> offer or extend credit creating the alleged debt at issue—presumably, it was Countrywide. |
| **b.** | **Green Tree** represents that the <u>debt</u> at issue is owed to another - **Bank of New York Mellon**[36] publicly and **Bank of America, N.A.**--privately [?]. |
| **c.** | To the extent that **Green Tree** claims that such debt is owed to them on an assignment or transfer of <u>debt</u>, said assignment and/or transfer "occurred" after default— <u>September 12th 2007</u>.[37] Their purported collection began in <u>September of 2012</u>. |
| **d.** | **Green Tree's** principal purpose is the collection of debts due to another and is registered in Connecticut under the Department of Banking as such. |
| **e.** | **Green Tree** regularly files collection lawsuits [or allows the use of their name for the same] so as to collect debts [or alternatively enforce alleged interest in real property] due to another as evidenced in the Connecticut Judicial dockets—over 1000 cases.[38] |
| **f.** | The principal purpose of **Green Tree's** business is the collection of debts as evidenced under its registration as a collection agency evidenced in the listing with the Connecticut Department of Banking.[39] |
| **g.** | **Jeremy J Iverson** is an employee/debt collector for **Green Tree**. |
| **h.** | **Jeremy J Iverson** supervised, controlled, managed, ratified, and <u>**directly**</u> participated in the collection at issue evidenced by his involvement in importuning registration forms into the Hartford Town Clerk's. |

**5.7**    In verifying the capacity of **The Witherspoon Law Firm** and **John P. Fahey** as <u>debt collectors</u> under the <u>FDCPA</u>, Valle came to determine that -

| | |
|---|---|
| **a** | **The Witherspoon Law Firm**[40] does <u>not</u> represent that the <u>debt</u> at issue resulted from an offer or an extension of credit created by them. |

[36] Or some variation thereof.
[37] See generally – *Alibrandi v. Fin. Outsourcing Servs., Inc.,* 333 F.3d 82, 86 (2d Cir. 2003);
[38] See – http://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited Nov. 23rd 2015)
[39] See– http://www.ct.gov/dob/cwp/view.asp?a=2233&q=297872&dobNAV_GID=1663 (last visited Nov. 23rd 2015)
[40] Place of business is located at 790 Farmington Ave, Farmington Connecticut 06032.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

| | | |
|---|---|---|
| b. | **The Witherspoon Law Firm** does <u>not</u> represent that the <u>debt</u> at issue is owed to them, presumably it's owed to **Bank of New York Mellon**. |
| c. | **The Witherspoon Law Firm** regularly uses the mails in furnishing documents the principal purpose of which is the collection of a <u>debt</u> and did so in the case at hand. |
| d. | **The Witherspoon Law Firm** regularly files collection lawsuits so as to collect debts [or alternatively enforce alleged interest] due to another as evidenced in the Connecticut Judicial dockets.[41] |
| e. | **The Witherspoon Law Firm** includes a **federally mandated jurisdictional disclosure** in their communications which presupposes a requirement to comply—only debt collectors are required under federal law to disclose such--not creditors. <u>**Ex. N**</u> |
| f. | **The Witherspoon Law Firm** openly promote their collections enterprise online.[42] |
| g. | **John P. Fahey** is an attorney and/or employee of **The Witherspoon Law Firm**.[43] |
| h. | **John P. Fahey** represented himself to the Plaintiff as a debt collector on behalf of **Bank of New York Mellon**. |
| i. | **John P. Fahey** supervised, controlled, managed, ratified, and **<u>directly</u>** participated in advancing the collection actions at issue and particularly furnishing a communication in connection with the collection of a debt. |

## VI. <u>STATEMENT OF CLAIMS UNDER THE FDCPA – SUMMARY C, D, E, F, G, *or* J</u> [44]
### (The <u>***least sophisticated consumer standard***</u> under a <u>***strict liability statute***</u> )

**6.1**    In an attempt to substantiate the legitimacy of the third party debt collector claim[s] at issue, the following *communications* and *conduct* were determined to be false, misleading, deceptive and confusing representations or unfair collection means by the defendants.  When Valle maintains that he was confused, it is meant that he was unable to affirmatively identify the demanding party before him and how to intelligently respond to the defendant's communication—as he was furnished conflicting representations, uncertain about the legal rights available and impeded in his ability otherwise settle the matter with the party sufficiently asserting a valid debt claim. When approached privately, Bank of New York Mellon decline to verify their interest in the alleged debt/property at opposite to the very allegations set forth in their State complaint.

---

[41] See – http://civilinquiry.jud.ct.gov/PartySearch.aspx  (last visited Nov. 23rd 2015)
[42] See – www.witherspoonlawoffices.com  (last visited Jan. 8th 2016)
[43] Attorneys were included within the FDCPA when Congress found that  *"[c]learly, bar associations have failed to fulfill their obligations underlying the premise of the attorney exemption [from the FDCPA]. There is no indication that this is about to change. Having undermined the basis for the exemption, attorneys cannot complain about being brought under the Act."* H.R. Rep. No. 405 at 7, reprinted in 1986 U.S.C.C.A.N. at 1757. See also Congressman Annunzio's statement on the floor of Congress at 131 Cong. Rec. at H10535.
[44] Or any subdivision.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**6.2**      Plaintiff incorporates preceding paragraphs into each claim.

<u>Claim 1</u> – **Verification/Validation/Deprivation of Rights [Mandatory  Disclosure]/Confusion**

Each communication advanced by **Bank of New York Mellon** after <u>November 13th 2011</u> in connection with the collection of an alleged <u>debt/interest in real property</u>, occurred at a time –

**a.** after the consumer had requested verification/validation from them but before they responded to the Consumers request.[45]

**b.** prior to **Bank of New York Mellon** sending a mandatory disclosure *within* 5 days of their identified *initial* communication in <u>October 31st of 2011</u> so as to afford the consumer a means to determine the creditor to whom the alleged debt is owed and the alleged amount owed. The **Bank of New York Mellon** declined to provide the mandatory disclosure nor was said disclosure identified in the *initial* communication therein depriving this protection.[46] [or alternatively to **1b** – See **1c** below]

**c.** each communication advanced by **Bank of New York Mellon** after <u>November 24th 2015</u>[47] in connection with the collection of a <u>debt</u>, occurred at a time prior to **Bank of New York Mellon** sending a mandatory disclosure *within* 5 days of the identified *initial* communication so as to afford the Consumer a means to invoke the Consumer's **unalienable** federal protection therein depriving it. [*if* **1c**-See **1d** below]

**d. Bank of New York Mellon's** *motion for strict foreclosure* on <u>November 30th 2015</u> overshadows their mandatory disclosure requirement responsive to an *initial* communication triggered by a communication by a "Bank of New York Mellon Power of Attorney/affiant"[48] said disclosure—the elements of which were not contain inclusive of the communication. This communication left or otherwise caused confusion to the Consumer as to their federal protections.

<u>Claim 2</u> – **Furnishing Misleading or Conflicting Information.**

**a. Bank of New York Mellon** communicated to the Consumer[49] by email on <u>September 9th 2014</u>[50] that they did not own the alleged loan, affirm the right to collect the alleged debt or have interest in the subject property. This is at opposite with their state Court lawsuit mailed just **less then 60 days prior.**

**b. Bank of New York Mellon** communicated to the Consumer by email that having verified their

---

[45]See – Ex. B.
[46]See – Ex. A
[47]Communication by Savanah Witte's "Affidavit of Debt" as "Attorney-In-Fact" for the Bank of New York Mellon. **Ex. K**
[48]If not deemed to have occurred in November of 2011
[49]And to the Cosnumer Financial Protection Bureau
[50]See – Exhibit L

**AMENDED COMPLAINT**
- 16

Nelson Valle
c/o 66 Montowese St
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

database, "The [debt collector--**Bank of America, N.A.**] is the <u>only</u> **contact who would have the information you are seeking...how the property is disposed...is the responsibility of the [debt collector.]** (emphasis added) Their State Court lawsuit has submissions from **Green Tree as** their presumptive debt collector.

<u>**Claim 3**</u> - **Unfair Continued Collection By Debt Collector Proxies**

**a.** Each communication advanced **by each defendant** on behalf of **Bank of New York Mellon** were actions advanced as debt collectors for **Bank of New York Mellon,** occurred at a time when **Bank of New York Mellon** themselves were prohibited under federal law from advancing further collection actions. ie. **Bank of New York Mellon** can not delegate an authority or otherwise authorize collection actions that they can not themselves undertake legally nor can other debt collectors advance such actions as their proxy. ***Each*** debt collector defendant <u>**chose to participate**</u> in advancing said collection actions forward to the unfair detriment of the Consumer.

<u>**Claim 4**</u> - **Failure to Furnish Mandatory Disclosure/Deprivation of Rights**

<u>**Applicable to All Bendett & McHugh, P.C. Communications [#2-5]**</u>

Each communication advanced by **Bendett & McHugh PC's** after <u>November 19th 2011</u> in connection with the collection of an alleged <u>debt/interest in real property</u>, beginning with the filling of Lis Pendens on <u>July 15th 2014</u> and continuing forward, occurred at a time –

**a.** prior to **Bendett & McHugh PC's** sending a mandatory disclosure *within* 5 days of their identified *initial* communication so as to afford the consumer a means to invoke his **unalienable** federal protection for verification/validation therein depriving it.  Or alternatively by furnishing an ambiguous *initial* disclosure that left the Consumer uncertain as to the identity of the current creditor and uncertain as to whom was the party that could be task so as to affirmatively settle the matter with. This ambiguity impeded the Consumer's ability to resolve this matter for risking tendering payment to a party not due any payment.  Two purported creditors were represented [?], leaving the consumer uncertain if BMPC's collection actions alleged a debt with two creditors. Which alleged creditor was requesting payment? The exact purpose of providing an *unambiguous* initial disclosure is to affirmatively address this issue. BMPC declined to do so and continued unfairly advancing under an ambiguity.

**b.** The **Witherspoon Law Office** *initial* communication in connection with the collection of

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

an alleged <u>debt/interest in real property</u>, occurred on <u>December 31st 2015</u>.[51]  The mandatory disclosures were not contained therein neither were they furnished *within* 5 days or <u>January 5th 2016</u> of the identified *initial* communication.

<u>Claim 5</u> – **Failure to Disclose**

    **a. Bank of New York Mellon**  Communication(s) fail to disclose that they are a <u>debt collector</u>.

        **1.** Lis Pendens filed with John V. Bazzano[52] in the Hartford Country Recorder's Office.

        **2.** Email to Valle.[53]

        **3.** Request For Notice in Bankruptcy Court

    **b. Green Tree's** Communication(s) fail to disclose that they are a <u>debt collector</u>.

        **1.** Form CGS §7-34a filed with John V. Bazzano[54] with in the Hartford Country Recorder's Office by **Jeremy J. Iverson.**[55]

        **2.** Affidavit of **Savannah Witte**[56]

    **c. Bendett & McHugh** Communication(s) fail to disclose that they are a <u>debt</u> collector and/or [are] attempting to collect a debt and that any information obtained will be used for that purpose.

        **1.** At the December 8th 2014 Hearing in State Court both to the Consumer and to the Court.

    **d. The Witherspoon Law Office's** Communication(s) fail to disclose that they are a <u>debt</u> collector  and/or [are] attempting to collect a debt and that any information obtained will be used for that purpose.

        **1.** Request For Notice in Bankruptcy Court [and]

<u>Claim 6</u>– **Prohibited Communication to Third Parties**

    Each third party debt collector defendant[57] at all times was aware of the location of the Consumer

---

[51]See - Ex M
[52]Or his agent and/or employees.
[53]See - Ex L
[54]Or his agent and/or employees.
[55]See - Ex I
[56]Note that the two Green Tree communications in the matter of *Bank of New York Mellon v. ValleCastro, et al.* - "Affidavit" of Jowers in Support of Complaint and Affidavit of Red Bear in Compliance with IMAP are also defective for the same reason. Neither are these are communications "formal pleadings".
[57]Plead in the singular as if applicable to each individual defendant.

**AMENDED COMPLAINT**
- 18

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1  —66 Montowese Street in Hartford evidenced by U.S mails being furnished to said address.

2    With no exemption to the contrary—express permission of a court of competent jurisdiction and

3  acquisition of location information. The following debt collectors disclosed the existence of an alleged

4  debt at issue with another third party.

5    **a. Green Tree's** communication is prohibited to -

6     **1.** John V. Bazzano[58] at the Hartford Town Clerk's on or about <u>July 15th 2015</u>.[59]

7     **2.** Any to **Bendett & McHugh, P.C**, as the presumptive "attorney of the creditor", would

8  have to have been presumably been retained by **Bank of America, N.A**. not **Bank of New York Mellon**.

9  Neither is **Bendett & McHugh, P.C**, the "attorney of the debt collector" – Green Tree.

10     **3.** To **Bank of New York Mellon**, as the presumptive creditor, according to Green Tree's

11  private communications, is **Bank of America, N.A.**

12    **b. Bendett & McHugh P.C.** communication is prohibited to -

13     **1.** **Green Tree**, given that according to their November 2011 presumptive creditor is

14  **Bank of America, N.A..** not Green Tree. And **Bank of New York Mellon's** debt collector is **Bank of**

15  **America, N.A.**

16     **2. Bank of New York Mellon**, given that according to their November 2011 presumptive

17  creditor is Bank of America, N.A..

18    **c. Bank of New York Mellon** communication is prohibited to -

19     **1.** **Green Tree**, given that according to their September 2nd and 9th 2014 communications

20  their debt collector is **Bank of America, N.A.**

21     **2. To** John V. Bazzano[60] at the Hartford Town Cerk's on or about <u>July 15th 2015</u> – Lis

22  pendens. As the they declined to affirm being the creditor; owner to whom the debt is owed.

23     **3.** The U.S States Bankruptcy Court by way of filing a *request for notices*. As they

---

[58] Or his agent and/or employees.

[59] Note that the two Green Tree communications in the matter of *Bank of New York Mellon v. ValleCastro, et al.* - "Affidavit" of Jowers in Support of Complaint and Affidavit of Red Bear in Compliance with IMAP are also defective for the same reason. Neither are these communications "formal pleadings".

[60] Or his agent and/or employees.

**AMENDED COMPLAINT**
- 19

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

previously declined to affirm being the creditor; owner to whom the debt is owed.

Neither were the communications identified in this claim exempted by the express permission of a court of competent jurisdiction, or was it reasonably necessary to effectuate a postjudgment judicial remedy.

**Claim 7** – **Misidentifying the Creditor/Creating the Belief in the Consumer That An Alleged Debt Could Have More Then One Creditor**

**a. Green Tree's** misrepresentations -

**1.** The Hartford Town Clerk's form C.G.S §7-34a on or about July 15th 2015 is an action reserved for Creditors. Note: Bank of New York Mellon's "assignee" according to their email would be Bank of America, N.A.[61]

**2.** Furnished an "affidavit of debt " in the capacity of an  "Attorney-in-Fact".[62] This confused Valle, as agency exemption of this kind under the FDCPA is contemplated at section 1692a(6)(a)--officer or employee. It gave rise to the belief in the consumer that Green Tree considered that this exemption was not available because they both [GT and BNY] were only debt collectors. Nonetheless, only creditors can verify account level data.

**b. Bendett and McHugh** misrepresentations -

**1.** Sought to *obtain* verification [October 14th 2014] pursuant to a verification by request of the Consumer from **Green Tree**-- a debt collector, not the creditor to whom the debt is owed.

**2.** Sought to disclose the identity of the creditor [October 14th 2014] by implication that Bank of New York Mellon, "is currently entitled to collect the debt". However, Bnank of New York Mellon arrives in commerce as a debt collector **NOT a creditor**.

**3.** Utilized an "affidavit of debt " from a "Attorney-in-Fact" - Susan Witte of debt collector for Green Tree. This confused Valle as agency exemption of this kind under the FDCPA is contemplated at section 1692a(6)(a)--officer or employee. It gave rise to the belief in the consumer that

---

[61] See Ex. L
[62] See Ex. K

AMENDED COMPLAINT
- 20

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

Green Tree considered that this exemption was not available because they didn't deem Bank of New York Mellon the creditor and only a debt collector. Nonetheless, only creditors can verify account level data.

**4.39**    Defendants appear to have violated the FDCPA and inflicted dissonance on the Consumers as described above, **with actual knowledge** or knowledge fairly implied on the basis of objective circumstances adjudged by the standard of the least sophisticated consumer.

**4.40    Actual Damages.** As a direct and proximate result of the defendants' collection activity, the Consumer has suffered actual damages including but not limited to—emotional distress; insomnia, outrage, irritability, confusion, apprehensiveness, nervousness, anger, confusion, restlessness resulting in withdrawing of positive relations. In furtherance, the defendants have intruded on the Consumers' privacy awhile effectively coercing the Consumers to enjoin in a power relationship to which he has felt unlawfully at its mercy.

## VII. <u>CLAIM UNDER THE CUTPA</u>

**7.1**    Plaintiff incorporates preceding paragraphs. [so as to give rise to a concurrent violation herewith] **The following are deceptive, immoral, oppressive or unscrupulous as matter of CT public policy.**

**7.2**    Defendants' utilized illegal and invalid collection tactics at the expense of depleting a CT taxpayer base by confiscating limited judicial resources--awhile making an absolute mockery of our Courts here in  Connecticut.

**7.3**    Utilized federal, state and local electronic forums to disseminate false, conflicting or misleading credit information—US Enforcement databases,. ie CFPB/FTC., FDIC, etc., Connecticut Superior Court Tribunals, Hartford Land records, etc.

**7.4    Ascertainable Loss.** As a direct and proximate result of the defendants collection actions, Valle's mental tranquility has been disturbed. Valle has sustained loss which include but not limited to costs and time incurred in responding to the third party debt collectors' unlawful collection actions that would have otherwise not been expended—100+hours of document review and correspondences, administrative costs —paper, ink, postage, travel expenses, certified copies, missed income opportunities, etc.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## IX. CLOSING - RELIEF REQUESTED

| | | |
|---|---|---|
| a | **a Judgment -** entered against **B**ank of New York Mellon, **B**endett & McHugh, P.C. **J**ane Hamilton Torcia, **J**effrey M. KnickerBocker, Green Tree Servicing, LLC., **J**eremy J. Iverson, **S**avannah Witte, **T**he Witherspoon Law Group, and John P. Fahey for illegal actions under federal law and/or state law. | |
| b. | **Statutory damages - $1,000.00** under the FDCPA per liable defendant to be determine by the Court. | |
| c. | **Statutory damages** – most allowable under CUTPA per liable defendant to be determine by the Court . | |
| d. | **Actual damages – $284, 274.76** under the FDCPA per liable defendant to offset the any vexatious debt collection judgment and the unlawful procurement of Valle's property attained by circumventing federal law. | |
| e. | **Actual damages – $250, 000.00** or most rewarded under the FDCPA per liable defendant for inflicting emotional distress sustained over three years to be determine by a jury of Valle's peers. | |
| f. | **Punitive damages** – under CUTPA to be determined by the Court. | |
| g. | **Injunctive relief –** under CUTPA enjoining defendant to cease violating Valle and his property. | |
| h. | Filing fees, costs and attorney fees, as they may bare, under the FDCPA. | |
| I. | Any further relief that is proper and just under the circumstances. | |

*"On Behalf of The Least Sophisticated Consumer."*

**AMENDED COMPLAINT**
- 22

Nelson Valle
c/o 66 Montowese St
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

"Assignment" Bank of New York Mellon *Initial* Communication – October 31st 2011

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

VOL= 6491 PG= 92

Recording Requested By:
**Bank of America**
Prepared By: **Debbie Nieblas**
888-603-9011
When recorded mail to:
**CoreLogic**
**450 E. Boundary St.**
**Attn: Release Dept.**
**Chapin, SC 29036**

DocID# 1339070439919135
Property Address:
66 Montowese St
Hartford, CT 06114-3041
CTO-AM 15756260          10/17/2011

00008883
Oct 31,2011 02:57P
Hartford, CT

610  090704399  D8  002  003

This space for Recorder's use

MIN #: 1000157-0004828156-8          MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE  CWABS, INC., ASSET-BACKED    CERTIFICATES, SERIES 2005-4** whose address is 101 BARCLAY ST - 4W, NEW YORK, NY  10286 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:          **COUNTRYWIDE HOME LOANS, INC.**
Borrower(s):              **BRUNILDA VALLE CASTRO**
Date of Mortgage:      **3/23/2005**
Original Loan Amount:  **$150,000.00**

Recorded in Hartford Township, CT on: 3/28/2005, book 5288, page 327 and instrument number 004652

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**OCT 17 2011**

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: 
**Bud Kamyabi Assistant Secretary**

Witness: **Maria Medina Rodriguez**

Witness: **Talisha T. Wallace Assistant Secretary**

State of California
County of Ventura

On ___OCT 17 2011___ before me, ____**Desiree Carson**____, Notary Public, personally appeared
**Bud Kamyabi**
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____          (Seal)
My Commission Expires: _____

**DESIREE CARSON**
Commission # 1873887
Notary Public - California
Ventura County
My Comm. Expires Dec 19, 2013

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Bank of New York Mellon Verification/Validation Request – November 23rd 2011

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

Brunilda ValleCastro
66 Montowese St.
Htfd.,CT 06114

November 23rd 2011

The Bank of New York Mellon
fka Bank of New York Mellon as Trustee
For The Certificate Holders of
The CWABS, Inc. Asset-Backed Certificates, Series 2005-4

101 Barclay Street - 4W
New York, NY 10286

*NOTICE TO AGENT IS NOTICE TO PRINCIPLE NOTICE TO PRINCIPLE IS NOTICE TO AGENT*

To whom it may concern,

I have made this request more than one month ago to the servicer Bank of America, N.A. on October 17th of 2011 regarding loan number **90704399** at the address stated above in compliance with state and federal laws. I have yet to have my request honored. I will request again to validate the debt in question! I have further requested information regarding relevant documents relative to my promissory note that I feel that I am lawfully entitled to. Are my rights going to be further violated? This alleged debt and the party to whom this alleged debt is owed continues to be disputed and a complete validation (not verification) is again requested! Govern yourselves accordingly.

Sincerely,

_____

Brunilda ValleCastro

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THE BANK OF AMERICA
OF NEW YORK MELLON
101 Barclay 4W
NEW YORK NY 10286

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Freddie Robinson_   ☐ Agent
   _Bank of New York_   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7010 0290 0002 9123 9247

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540



**U.S. Postal Service** ™
**CERTIFIED MAIL** ™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com ®

NEW YORK NY 10286

| | | |
|---|---|---|
| Postage | $ | $4.95 |
| Certified Fee | | $2.85 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $10.10 |

Postmark Here   07 NOV 25 2011

Sent To  _New York Mellons Bank_

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7010 0290 0002 9123 9247

PS Form 3800, August 2006       See Reverse for Instructions

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

Bendett & McHugh, P.C. *Initial* Communication – November 14th 2011

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

# BENDETT & McHUGH
## ATTORNEYS AT LAW

November 14, 2011

Via Certified Mail, Postage Prepaid

Brunilda Valle Castro
66 Montowese Street,
Hartford, CT 06114

Re: 66 Montowese Street,, Hartford, CT 06114

Dear Mortgagor(s):

Our office represents Bank of America, N.A. fka BAC Home Loans Servicing, L.P. as mortgage servicer, in connection with the above-referenced matter. This matter has been referred to our office to commence a foreclosure proceeding regarding the mortgage securing the above referenced mortgage loan, due to a payment default under that mortgage. The total amount due under the mortgage as of today's date is $155,944.00. Please contact our office if you wish updated figures to either reinstate or payoff your mortgage.

The purpose of this letter is to provide you with notice under Section 8-265ee of the Connecticut General Statutes, as amended, that you have 60 days from the date of this letter to: (1) have a face-to-face meeting or telephone conference with Bank of America, N.A. fka BAC Home Loans Servicing, L.P. or a face-to-face meeting with a consumer counseling agency to attempt to resolve the delinquency or default of the above referenced mortgage loan by restructuring the loan payment schedule or otherwise ( a list of CHFA – approved consumer counseling agencies is attached); and (2) contact the Connecticut Housing Finance Authority at the address and phone number contained in this notice, to obtain for and apply for emergency mortgage assistance payments if you are not able to resolve the mortgage delinquency or default with Bank of America, N.A. fka BAC Home Loans Servicing, L.P.  The address and telephone number for the Connecticut Housing Finance Authority is as follows: Connecticut Housing Finance Authority, 999 West Street, Rocky Hill, Connecticut 06067. Tel. (860) 571-3500, or toll free at 877-571-CHFA (2432).

**NOTICE:** UNLESS YOU, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY US.  IF YOU NOTIFY US IN WRITING WITHIN THE THIRTY DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU (IF APPLICABLE) AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY US.  ALSO, UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THE FACT THAT YOU HAVE THIRTY (30) DAYS TO INDICATE A DISPUTE WILL NOT PREVENT US FROM FILING SUIT WITHIN THAT TIME.

**NOTICE:**  THE LAW FIRM OF BENDETT & McHUGH, P.C. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY WHICH DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.

Sincerely,


Bendett & McHugh, P.C.

160 Farmington Avenue, Farmington, CT 06032   Telephone: 860-677-2868   Facsimile: 860-773-6328

BENDE₁ ℬ McHUGH
ATTORNEYS AT LAW

160 FARMINGTON AVENUE
FARMINGTON, CONNECTICUT 06032

CERTIFIED MAIL

7010 1870 0003 5371 5417

Brunilda Valle Castro
66 Montowese Street,
Hartford, CT 06114

06114$3041 C018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

Bendett & McHugh, P.C Response – December 8th 2011

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

# BENDETT & McHUGH

## ATTORNEYS AT LAW

December 8, 2011

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**AND FIRST CLASS MAIL**

Brunilda ValleCastro
66 Montowese St.
Hartford, CT 06114

      **Re:   THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS**
      **TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-**
      **BACKED CERTIFICATES, SERIES 2005-4 v. Valle Castro**
      **Property Address: 66 Montowese Street, Hartford, CT 06114**

Dear Ms. ValleCastro:

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO**
**COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT**
**PURPOSE**

      Please note that our office is in receipt of your letter dated November 23, 2011 in which you
requested a Validation of the Debt pursuant to the Fair Debt Collection Practices Act, Section 809, 15
USC 1692g.

      This letter will serve as our client's response to said request. Please note that Countrywide Home
Loans, Inc. was the original creditor with an address of 4500 Park Granada, Calabasas, CA 91302-1613.
The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the
CWABS, Inc., Asset-Backed Certificates, Series 2005-4 is currently the party entitled to collect the debt
under the Note and enforce the Mortgage and is in possession of the original loan documents, which they
have forwarded to our office for collection.

      Enclosed please find a payoff statement which includes a breakdown of the charges owed on the
account. Also enclosed is a copy of the original note with all endorsements.

      Please consider this letter our client's full and complete response to your request for verification
of the alleged debt pursuant to the Fair Debt Collection Practices Act.

**NOTICE: THE LAW FIRM OF BENDETT & MCHUGH, PC IS A DEBT COLLECTOR AND**
**IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE**
**USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN**

**BANKRUPTCY WHICH DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.**

Sincerely,

Dyan Kozaczka
Bendett & McHugh, P.C.

Enclosures

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

Valle' Durable Powers of Attorney [1-December 9th 2011 and 2-February 6th 2014]

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

## DURABLE POWER OF ATTORNEY

**Notice: The powers granted by this document are broad and sweeping. They are defined in Connecticut Statutory Short Form Power of Attorney Act, sections 1-42 to 1-56, inclusive, of the general statutes, which expressly permits the use of any other or different form of power of attorney desired by the parties concerned. The grantor of any power of attorney or the attorney-in-fact may make application to a court of probate for an accounting as provided in subsection (b) of section 45a-175.**

Know All Men by These Presents, which are intended to constitute a GENERAL POWER OF ATTORNEY pursuant to Connecticut Statutory Short Form Power of Attorney Act:

I, Brunilda Valle Castro, residing at 66 Montowese St., Hartford, Connecut, Connecticut 06114, hereby appoint Nelson Valle of 66 Montowese St., Hartford, Connecticut 06114, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

This Power of Attorney shall not be affected by my subsequent incapacity.

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me. However, the preceding sentence shall not have the effect of revoking any powers of attorney that are directly related to my health care that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions.

   a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

   b. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

   c. Have access to any safe deposit box that I might own, including its contents.

2. Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

3. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

4. Purchase and/or maintain insurance and annuity contracts, including life insurance upon my life or the life of any other appropriate person.

5. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

6. Enter into binding contracts on my behalf.

7. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, commodities, options or other investments.

8. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate Agents.

9. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future

10. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

   a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.

   b. Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.

   c. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

11. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

12. To create, sign, modify or revoke any trust agreements or other trust documents in an attempt to manage or create a trust that was created for my benefit or the benefit of my dependants, heirs or devisees. This shall include the creation, modification or revocation of any inter vivos, family living, irrevocable or revocable trusts.

13. Subject to other provisions of this document, my Agent may disclaim any interest, which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate. However, my Agent may not disclaim assets to which I would be entitled, if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate.

14. Have access to my healthcare and medical records and statements regarding billing, insurance and payments.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall not be entitled to any compensation, during my lifetime or upon my death, for any services provided as my Agent. My Agent shall not be entitled to reimbursement of expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.

This Power of Attorney shall become effective immediately, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney shall continue effective until my death. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

Dated _December 9_ , _2011_ , at Hartford, Connecticut.

Brunilda Valle Castro


Witness Signature: _____

Name: _Rail Castro_

City: _HARTFORD_

State: _CT_


Witness Signature: _Betty Szubinski_

Name: _Betty Szubinski_

City: _Hartford_

State: _CT_

IN WITNESS WHEREOF, I sign the foregoing as my Durable Power of Attorney, do it willingly and as my free and voluntary act for the purposes herein expressed, and further state that I am eighteen years of age or older, of sound mind, and under no constraint or undue influence, this _9th_ day of December, 2011.

_Brunilda Valle Castro_

BRUNILDA VALLE CASTRO, Principal

Principle's Social Security Number: _____

STATE OF CONNECTICUT            )
                                                      ) ss. Hartford
COUNTY OF HARTFORD          )

I, the undersigned, a Notary Public authorized to administer oaths in the State of Connecticut, certify that BRUNILDA VALLE CASTRO, the Principle, having personally appeared before me and having been first been first duly sworn, declared to me that he/she had willingly signed and executed the instrument as his or her Durable Power of Attorney, and that he/she executed such instrument as his or her free and voluntary act for the purpose therein expressed; that Principle was at that time eighteen (18) or more years of age, of sound mind, and under no constraint or undue influence.

IN THE WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal this _9th_ day of _December_ _____ 2011

_Kelly Bilodeau_

Notary Public

My Commission Expires: _MY COMMISSION EXPIRES SEP. 30, 2014_

KELLY BILODEAU
NOTARY PUBLIC
MY COMMISSION EXPIRES SEP. 30, 2014

ACCEPTED BY:

_Nelson Valle_

Nelson Valle, Attorney-in-Fact

Dated: _12.9.11_ _____ 2011

## CONNECTICUT GENERAL DURABLE POWER OF ATTORNEY

THIS POWER OF ATTORNEY AUTHORIZES THE PERSON NAMED BELOW AS MY ATTORNEY-IN-FACT TO DO ONE OR MORE OF THE FOLLOWING: TO SELL, LEASE, GRANT, ENCUMBER, RELEASE OR OTHERWISE CONVEY ANY INTEREST IN MY REAL PROPERTY AND TO EXECUTE DEEDS AND ALL OTHER INSTRUMENTS ON MY BEHALF, UNLESS THIS POWER OF ATTORNEY IS OTHERWISE LIMITED HEREIN TO SPECIFIC REAL PROPERTY.

I *Brunilda ValleCastro* appoint *Nelson Valle* at 66 Montowese St. Hartford, CT 06114 as my **Agent** (*attorney-in-fact*) to act for me in any lawful way with respect to the following initialed subjects:

**Note:** If you initial Item A or Item B, which follow, a notarized signature will be required on behalf of the Principal.

INITIAL

(A) **Real Property Transactions**. To bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any interest in real property whatsoever, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, tear down, alter, rebuild, improve manage, insure, move, rent, lease, sell, convey, subject to liens, mortgages, and security deeds, and in any way or manner deal with all or any part of any interest in real property whatsoever, including specifically, but without limitation, real property lying and being situated in the State of Connecticut, under such terms and conditions, and under such covenants, as my Agent shall deem proper and may for all deferred payments accept purchase money notes payable to me and secured by mortgages or deeds to secure debt, and may from time to time collect and cancel any of said notes, mortgages, security interests, or deeds to secure debt.

(B) **Banking and other Financial Institution Transactions**. To, receive, sign, endorse, execute, acknowledge, deliver and possess checks, drafts, bills of exchange, letters of credit, notes, stock certificates, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of banks, savings and loans, credit unions, or other institutions or associations.

(C) **Insurance and Transactions**. To exercise or perform any act, power, duty, right, or obligation, in regard to any credit consumer contract effecting my property real or personal, however, that my Agent cannot designate himself or herself as beneficiary of any such insurance contracts.

(D) **Estate, Trust, and Other Beneficiary Transactions**. To accept, receipt for, exercise, release, reject, renounce, assign, disclaim, demand, sue for, claim and recover any legacy, bequest, devise, gift or other property interest or payment due or payable to or for the principal; assert any interest in and exercise any power over any trust, estate or property subject to fiduciary control; establish a revocable trust solely for the benefit of the principal that terminates at the death of the principal and is then distributable to the legal representative of the estate of the principal; and, in general, exercise all powers with respect to estates and trusts which the principal could exercise if present and under no disability; provided, however, that the Agent may not make or change a will and may not revoke or amend a trust revocable or amendable by the principal or require the trustee of any trust for the benefit of the principal to pay income or principal to the Agent unless specific authority to that end is given.

(E*) **Claims and Litigation**. To commence, prosecute, discontinue, or defend all actions or other legal proceedings touching my property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and demands whatsoever that now are, or hereafter shall be, pending between me and any person, firm, corporation, or other legal entity, in such manner and in all respects as my Agent shall deem proper. Inclusive all powers enumerated in short form. * *§1-51 See Attachment*

(F) **Personal and Family Maintenance**. To hire accountants, attorneys at law, consultants, clerks, physicians, nurses, agents, servants, workmen, and others and to remove them, and to appoint others in their place, and to pay and allow the persons so employed such salaries, wages, or other remunerations, as my Agent shall deem proper.

(G) **Benefits from Social Security, Medicare, Medicaid, or other Governmental Programs, or Military Service.** To prepare, sign and file any claim or application for Social Security, unemployment or military service benefits; sue for, settle or abandon any claims to any benefit or assistance under any federal, state, local or foreign statute or regulation; control, deposit to any account, collect, receipt for, and take title to and hold all benefits under any Social Security, unemployment, military service or other state, federal, local or foreign statute or regulation; and, in general, exercise all powers with respect to Social Security, unemployment, military service, and governmental benefits, including but not limited to Medicare and Medicaid, which the principal could exercise if present and under no disability.

## SPECIAL INSTRUCTIONS

### THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.

(*) **Consolidated Consumer Transaction(s) Protection Mandate.** To research, inquire, prepare, dispute provide or respond to any interest, information or party that may either serve adversely against me or may serve toward to the advancement in my benefit-- in effecting my reputation, privacy, credit worthiness, property–real or personal in any manner and under my direction or as my Agent shall deem proper – the procurement of credit information from any and all credit reporting agencies, claims of indebtedness from any and all collectors be they banking, creditors or debt collectors; information electronic or otherwise that may be contained in database(s) state, federal, local or foreign to which any information is annexed to my social security number or other identifier(s) by number or of any unknown encryption or reference. And in such instances of claims arising from the procurement of any and all data, upon conferring said findings with me, will have full settlement authority in the matter.

**Property Interest.** In such instances where my real property interests are concerned, nothing in this agreement shall preclude my Agent from intervening in my shoes so as to establish and assert the rights and redresses as contained in any contract(s) covenant(s) or deed(s) for the purposes of protecting adverse enforcement actions nor be restrained from claiming his inheritance by immediate possession of my primary residence by way of quit claim deed.

**Legal Interest.** In such instances where any communication giving rise to or any legal action arising from a consumer transaction that I have entered or have been alleged to have entered, my Agent is vested with all legal rights in the claim, which is to be specifically construed that in such instances my Agent is granted and or transferred ownership of, or title to, any said claim whatsoever.

THIS POWER OF ATTORNEY SHALL BE CONSTRUED AS A GENERAL DURABLE POWER OF ATTORNEY AND SHALL CONTINUE TO BE EFFECTIVE EVEN IF I BECOME DISABLED, INCAPACITATED, OR INCOMPETENT. YOUR AGENT WILL HAVE AUTHORITY TO EMPLOY OTHER PERSONS AS NECESSARY TO ENABLE THE AGENT TO PROPERLY EXERCISE THE POWERS GRANTED IN THIS FORM, BUT YOUR AGENT WILL HAVE TO MAKE ALL DISCRETIONARY DECISIONS.

**Right to Compensation.** My Agent shall be entitled to a compensation of *$76.00* (seventy six) dollars an hour for services rendered and reimbursement of his expenses reasonably incurred in the course and on behalf of all duties, responsibilities and tasks whether specifically instructed or in his own judgment as agent under this power of attorney.

**Choice of Law.** THIS POWER OF ATTORNEY WILL BE GOVERNED BY THE LAWS OF THE STATE OF CONNECTICUT WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES. IT WAS EXECUTED IN THE STATE OF CONNECTICUT AND IS INTENDED TO BE VALID IN ALL JURISDICTIONS OF THE UNITED STATES OF AMERICA AND ALL FOREIGN NATIONS.

I am fully informed as to all the contents of this form and of sound mind without duress so as to understand the full import of this grant of powers to my Agent.

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party learns of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this _____ day of _____, 2015 _____ [Your Signature]

## STATEMENT OF WITNESS

On the date written above, the principal declared to me in my presence that this instrument is his general durable power of attorney and that he or she had willingly signed or directed another to sign for him or her, and that he or she executed it as his or her free and voluntary act for the purposes therein expressed.

_____ [Signature of Witness #1]
_____ [Printed or typed name of Witness #1]
_____ [Address of Witness #1, Line 1]
_____ [Address of Witness #1, Line 2]

_____ [Signature of Witness #2]
_____ [Printed or typed name of Witness #2]
_____ [Address of Witness #2, Line 1]
_____ [Address of Witness #2, Line 2]

> **A Note About Selecting Witnesses:** The Agent (attorney-in-fact) may not also serve as a witness. Each witness must be present at the time that principal signs the Power of Attorney in front of the notary. Each witness must be a mentally competent adult. Witnesses should ideally reside close by, so that they will be easily accessible in the event they are one day needed to affirm this document's validity.

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

**STATE OF CONNECTICUT**                 §
**COUNTY OF HARTFORD**                   §

On this the 6th day of January, 2015, before me, Brunilda ValleCastro, the undersigned officer, personally appeared, known to me (or satisfactorily proven) to be the person whose name is subscribed within this instrument and acknowledged that she executed the same for the purposes therein contained. In witness whereof I hereunto set my hand.

[**Notary Seal, if any**]:

_____
(Signature of Notarial Officer)

Notary Public for the *State of Connecticut*

My commission expires: _9 30 2015_

## ACKNOWLEDGMENT OF AGENT

BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

Nelson Valle
_____
[Typed Name of Agent]

_____
[Signature of Agent]

## PREPARATION STATEMENT

This document was prepared by the following individual:
*Brunilda ValleCastro*
[Typed or Printed Name]

_____
[Signature]

Sec. 1-51. Claims and litigation. In a statutory short form power of attorney, the language conferring general authority with respect to claims and litigation shall be construed to mean that the principal authorizes the agent:

1. To assert and prosecute before any court, administrative board, department, commissioner or other tribunal any cause of action, claim, counterclaim, offset or defense, which the principal has, or claims to have, against any individual, partnership, association, corporation, limited liability company, government, or other person or instrumentality, including, but not limited to, power to sue for the recovery of land or of any other thing of value, for the recovery of damages sustained by the principal in any manner, for the elimination or modification of tax liability, for an injunction, for specific performance, or for any other relief;

2. to bring an action of interpleader or other action to determine adverse claims; to intervene or interplead in any action or proceeding, and to act in any litigation as amicus curiae;

3. in connection with any action or proceeding or controversy, at law or otherwise, to apply for and, if possible, procure a libel, an attachment, a garnishment, an order of arrest or other preliminary, provisional or intermediate relief and to resort to and utilize in all ways permitted by law any available procedure for the effectuation or satisfaction of the judgment, order or decree obtained;

4. in connection with any action or proceeding, at law or otherwise, to perform any act which the principal might perform, including, but not limited to, acceptance of tender, offer of judgment, admission of any facts, submission of any controversy on an agreed statement of facts, consent to examination before trial, and generally to bind the principal in the conduct of any litigation or controversy as seems desirable to the agent;

5. to submit to arbitration, settle, and propose or accept a compromise with respect to, any claim existing in favor of or against the principal, or any litigation to which the principal is or may become or be designated a party;

6. to waive the issuance and service of a summons, citation or other process upon the principal; to accept service of process; to appear for the principal; to designate persons upon whom process directed to the principal may be served; to execute and file or deliver stipulations on the principal's behalf; to verify pleadings; to appeal to appellate tribunals; to procure and give surety and indemnity bonds at such times and to such extent as the agent deems desirable or necessary; to contract and pay for the preparation and printing of records and briefs; to receive and execute and file or deliver any consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement or other instrument which the agent deems desirable or necessary in connection with the prosecution, settlement or defense of any claim by or against the principal or of any litigation to which the principal is or may become or be designated a party;

7. to appear for, represent and act for the principal with respect to - bankruptcy or insolvency proceedings, whether voluntary or involuntary, whether of the principal or of some other person, with respect to any reorganization proceeding, or with respect to any receivership or application for the appointment of a receiver or trustee which, in any way, affects any interest of the principal in any land, chattel, bond, share, commodity interest, chose in action or other thing of value;

8. to hire, discharge and compensate any attorney, accountant, expert witness or other assistant or assistants when the agent deems such action to be desirable for the proper execution by him of any of the powers described in this section;

9. to pay, from funds in his control or for the account of the principal, any judgment against the principal or any settlement which may be made in connection with any transaction enumerated in this section, and to receive and conserve any moneys or other things of value paid in settlement of or as proceeds of one or more of the transactions enumerated in this section, and to receive and endorse checks and to deposit the same; and

10. in general, and in addition to all the specific acts in this section enumerated, to do any other act or acts, which the principal can do through an agent, in connection with any claim by or against the principal or with litigation to which the principal is or may become or be designated a party. All powers described in this section shall be exercisable equally with respect to any claim or litigation existing at the giving of the power of attorney or thereafter arising, and whether arising in the state of Connecticut or elsewhere.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT F

Bendett & McHugh's Communication – October 14th 2014

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

# BENDETT & McHUGH

## ATTORNEYS AT LAW

October 14, 2014

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
AND FIRST CLASS MAIL**

Brunilda Valle Castro
66 Montowese Street
Hartford, CT 06114

      **Re:   THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-
BACKED CERTIFICATES, SERIES 2005-4 v. Valle Castro
Property Address: 66 Montowese Street, Hartford, CT 06114**

Dear Ms. Valle Castro:

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO
COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT
PURPOSE**

      Please note that our office is in receipt of your "Notice of Dispute" dated August 11, 2014 in
which you requested a Validation of the Debt pursuant to the Fair Debt Collection Practices Act, Section
809, 15 USC 1692g.

      This letter will serve as our client's response to said request.  Please note that Countrywide Home
Loans, Inc. was the original creditor with an address of 4500 Park Granada, Calabasas, CA 91302-1613.
The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the
CWABS, Inc., Asset-Backed Certificates, Series 2005-4 is currently the party entitled to collect the debt
under the Note and enforce the Mortgage and is in possession of the original loan documents, which they
have forwarded to our office for collection.

      Enclosed please find a payoff statement which includes a breakdown of the charges owed on the
account.  Also enclosed is a copy of the original note with all endorsements and a copy of the Mortgage.

      Please consider this letter our client's full and complete response to your request for verification
of the alleged debt pursuant to the Fair Debt Collection Practices Act.

**NOTICE:  THE LAW FIRM OF BENDETT & MCHUGH, PC IS A DEBT COLLECTOR AND
IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION WE OBTAIN WILL BE
USED FOR THAT PURPOSE.  IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN**

BANKRUPTCY WHICH DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.

Sincerely,

Adam L. Avallone
Bendett & McHugh, P.C.

Enclosures

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

Valle's Ownership Interest – February 6th 2015

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

Prepared By: Nelson Valle
66 Montowese St.
Hartford, CT 06114

After Recording Return to:
Nelson Valle
66 Montowese St.

00000965
Feb 06,2015 04:07P
Hartford, CT

above line reserved for official use only

## KNOW ALL MEN BY THESE PRESENTS THAT

For and in consideration of $250.00, and other good and valuable consideration, the receipt of which is hereby acknowledged, Brunilda ValleCastro, of 66 Montowese St., (the "Grantor"), does hereby grant with quitclaim covenants to Nelson Valle, not married, of 66 Montowese St., (the "Grantee"), the following land and property, together with improvements located thereon, lying in the County of Hartford, State of Connecticut:

A certain piece of property of land, together with the building and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, and known as No. 66 Montowese Street, also known as lot #22 on a map of plan entitled, "Property of William E. A Buckley and T. Charles Tredeau, Franklin Avenue et al. Hartford, Conn. Scale 1" = 50' 1913-1915 Spencer and Washburn, Engrs.", which map or plan is on file in the Hartford Clerk's Office to which reference may be had, said premises being more particularly bounded and described as follows:

NORTHERLY: by Lot no. 75, as shown on said map or plan, 50m feet;

EASTERLY: by Lot no. 21, as shown on said map or plan, 110 feet

SOUTHERLY: by the highway, Montowese Street, as shown on said map or plan, 50; and

WESTERLY: by Lot no 23, as shown on said map or plan, 110 feet.

Less and except all oil, gas minerals, on and under the above described propertyt owned by the Grantor, if any, which are reserved by the Grantor.

Subject to all easements, right-of-way, protective covenant and mineral reservations of record, if any.

AND BEING THE SAME premises conveyed to the Grantor by Warrant deed, dated 3/23/2005, and recorded in volume 4939 at page 210 of the Hartford Land Records.

TO HAVE AND TO HOLD same unto Grantee and the Grantee's heirs and assigns forever, with all appurtenances belonging on the property.

IN THE WITNESS WHEREOF this quitclaim deed was executed by the Grantor on this 6th day of February 2015.

Sign: _Stephonie Gary_
Name: _Stephonie Gary_

_Brunilda ValleCastro_
Brunilda ValleCastro

## GRANTOR ACKNOWLEDGEMENT

State of Connecticut     )
                         ) ss
County of Hartford       )

On this day before me, before me, a notary public in and for Hartford County, State of Connecticut, personally appeared Brunilda ValleCastro, known to me, or proven on the basis of satisfactory evidenceto be the person whose name is subscribed to the within instrument, and acknowledged to me that they executed the same.

Respectfully submitted,

_Brunilda Valle Castro_

Witness my hand and official seal:

_Kel J Naqara_
NOTARY PUBLIC SIGNATURE

My commission expires _9.30 2015_

Send Tax Information
Nelson Valle
66 Montowese St.
Hartford, CT 06114

I CERTIFY THIS TO BE A TRUE COPY
OF A DOCUMENT RECORDED IN THE
HARTFORD LAND RECORDS.
DATED THIS _6_ DAY OF _Feb_
IN THE YEAR _2015_
VOLUME _6906_ PAGE _263_
_Kelly Silsdesin_
ASSISTANT TOWN CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT H

Lis Pendens – Discovered February 6th 2015 [filed July 21st 2014]

Nelson Valle
  c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

VOL: 6841 PG: 204

Record & Return to:
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
0028FC-20117830

00009297
Jul 21,2014 01:43P
Hartford, CT

RETURN DATE: AUGUST 12, 2014                          :          SUPERIOR COURT

THE BANK OF NEW YORK MELLON FKA          :          J.D. OF HARTFORD
THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-4

VS.                                                                  :          AT HARTFORD

VALLE CASTRO, BRUNILDA, ET AL              :          JULY 15, 2014

## NOTICE OF LIS PENDENS

Notice is hereby given of the pendency of a civil action between the above named parties

by complaint and summons thereon, dated July 15, 2014 and made returnable to the Superior

Court for the Judicial District of Hartford at Hartford on August 12, 2014, which action is

brought to foreclose a Mortgage to Mortgage Electronic Registration Systems, Inc., as nominee

for Countrywide Home Loans, Inc. from Brunilda Valle Castro dated March 23, 2005 and

recorded March 28, 2005 in Volume 5288 at Page 327 of the Hartford Land Records.  Said

Mortgage was assigned to The Bank of New York Mellon fka The Bank of New York as Trustee

for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4 by an

assignment of Mortgage, dated October 17, 2011 and recorded October 31, 2011 in Volume

6491 at Page 92.  Such action specifically requests the following:

# EXHIBIT A

A certain piece or parcel of land, together with the buildings and improvements thereon, situated in the City of Hartford, County of Hartford and State of Connecticut, and known as No. 63 Montowese Street, also known as Lot #22 on a map or plan entitled "Property of William E. A. Buckeley and T. Charles Trudeau, Franklin Avenue et al. Hartford, Conn. Scale 1"=50' 1913-1915 Spencer and Washburn, Engrs.", which map or plan is on file in the Hartford City Clerk's Office to which reference may be had, said premises being more particularly bounded and described as follows:

NORTHERLY:     by Lot No. 75, as shown on said map or plan, 50 feet;

EASTERLY:      by Lot No. 21, as shown on said map or plan, 110 feet;

SOUTHERLY:     by the highway, Montowese Street, as shown on said map or plan, 50 feet; and

WESTERLY:      by Lot No. 23, as shown on said map or plan, 110 feet.

1.   A foreclosure of said mortgage.
2.   Immediate possession of the mortgaged premises.
3.   A deficiency judgment. **No deficiency will be sought against any person whose obligation under the subject promissory note has been heretofore or hereafter discharged in bankruptcy.**
4.   The appointment of a receiver to collect rents and profits accruing from the premises.
5.   Reasonable attorney's fees and costs.
6.   Such other relief and further equitable relief as may be required.

The Mortgaged Premises is that certain real property with buildings thereon, situated in the City of Hartford, County of Hartford, and State of Connecticut, which is at 66 Montowese Street, Hartford, Connecticut, more particularly bounded and described as set forth in Exhibit A, attached hereto and incorporated by reference as if herein set forth verbatim.

Dated at Farmington, Connecticut, July 15, 2014.

RESPECTFULLY SUBMITTED
PLAINTIFF,

Jane Hamilton Torcia
Bendett & McHugh, P.C.
160 Farmington Avenue
Farmington, CT 06032
860-677-2868
Juris No. 102892
Its Attorneys

JAF/CONV

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT I

Green Tree's Creditor Filing Pursuant to C.G.S Discovered February 6th 2015 [filed July 21st 2014]

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

9/2011.1

**FORM 1** To be filed by the Plaintiff who commences an action to foreclose a mortgage on residential property.

---

**NOTICE TO MUNICIPALITY:**
**REGISTRATION OF PROPERTY BEING FORECLOSED**

**$53.00 Registration Fee Is Payable to the Town of Registration.**
Connecticut General Statutes Section 7-34a, Section 7-148ii, Public Act 11-201 - Effective October 1, 2011

---

☐ **Initial filing of registration form** ($53.00 Fee)  Place a check mark in the box to the left and use this registration form if you are the Plaintiff commencing an action to foreclose a mortgage on residential property.  The form shall be mailed or delivered to the Town Clerk of the town in which the property being foreclosed is located at the time and place of recording the *Notice of lis pendens.*

☐ **Filing to report change(s) in the information provided on the initial registration form.** (No Fee)  Place a check mark in the box to the left and use this form if you are reporting changes to the registration information that you previously provided in your capacity as the Plaintiff commencing an action to foreclose a mortgage on residential property. You must report any changes in your registration information no later than 30 days following the date of the change in information. The form shall be mailed or delivered to the Town Clerk of the town in which the property being foreclosed is located.

**PROPERTY LOCATION: 66 Montowese Street, Hartford, CT  06114**

|  NUMBER          STREET | UNIT |
|---|---|

| SECTION 1     The Plaintiff in the Foreclosure Action | |
|---|---|
| 1a. Name of Plaintiff Entity or Individual(s) | The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4 c/o Green Tree Servicing LLC |
| 1b. Address of Plaintiff (if out of state, complete section 2) | c/o Green Tree Servicing LLC, 7360 S. Kyrene Rd,Tempe, AZ  85283<br>No.    STREET                      CITY                              STATE    ZIP |
| 1c. Telephone Number of Plaintiff | (480)333-6051<br>(AREA CODE) |
| 1d. E-mail Address of Plaintiff | c/o Jeremy.J.Iverson@gt-cs.com |
| 1e. Contact me by: | First Class Mail ☒          Electronic mail ☒ |
| 1f. My preferred address(es): | c/o Jeremy.J.Iverson@gt-cs.com |

| SECTION 2     If Plaintiff Resides Out-of-state, Direct Contact in Connecticut, if Available | |
|---|---|
| 2a. Name of Direct Contact in Connecticut (if Plaintiff is out of state) | 00000096<br>Jul 21,2014  01:44P<br>Hartford, CT |
| 2b. Address of Direct Contact in Connecticut | No.    STREET                      CITY                              STATE    ZIP |
| 2c. Telephone Number of Direct Contact | (      )<br>(AREA CODE) |
| 2d. E-mail Address of Direct Contact | |

| SECTION 3 | Person, Local Property Maintenance Company or Other Entity Serving as the Plaintiff's Contact with the Municipality for Any Matters Concerning the Residential Property |
|---|---|
| 3a. Name of Person, Local Property Maintenance Company, or Other Entity | Five Brothers Mortgage Company Services and Securing, Inc. |
| 3b. Address of Person, Company, or Entity | 14156 East Eleven Mile RoadWarren, MI  48089<br>No.    STREET                      CITY                              STATE    ZIP |
| 3c. Telephone Number of Person, Company, or Entity | (586 )772-7600<br>(AREA CODE) |
| 3d. E-mail Address of Person, Company, or Entity | ChristinaH@FiveOnline.com |

I CERTIFY THIS TO BE A TRUE COPY

1

2

3

4

5

6

7

8

9

10

11

# EXHIBIT J

12

Letter To Bendett & Mchugh, P.C. - March 2nd 2015

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

March 2ⁿᵈ 2015
USPS Certified No. 7012 3460 0001 8981 1773

Bendett & McHugh, P.C.
160 Farmington Ave
Farmington, CT 06032

CC: Adam Bendett
    Randall Mchugh
    Adam Avalone

---

**NOTICE TO PRINCIPAL IS NOTICE TO AGENT NOTICE TO AGENT IS NOTICE TO PRINCIPAL**

---

Re: **Debt Validation/The Lender's Correspondence**

      I am in receipt of your response dated February 24ᵗʰ 2015. It is my understanding that your firm refuses to comply by sending validation of the alleged portions that have "accrued" so as to arrive at your alleged figure. **We will give you one more opportunity.** Please provide the portions of the debt outlined in the previous letter, they appear to be unsubstantiated and I believe not valid unless you can show me why and when it was assessed. Also, Avalone and Milne sent a pay off quote dated October of 2014. In it they referenced that, *"There may be other options available to help you avoid forclosure. You may contact your lender to discuss these options."* We are unsure who this alleged Lender is. Certainly, we would want to explore all options in the pending matter. Such that be the case, can you furnish me with this entity's [Lender] correspondence. I understand that you maintain that Green Tree Servicing, LLC., is the servicer but please, if you would, provide for me the information you have for this Lender. You can include this information with the inclusive "any portion" validation. Would you honor that?

      As referenced in the previous letter, I am Brunilda's Agent and have full authority in all matters material to this correspondence and the matters at hand--certainly being directed and/or speaking with this Lender may help clarify things. Indeed, this item will assist me greatly in assisting Brunilda. As you may know, being entrusted by someone to assess and determine how best to move forward so as to achieve their financial well being is a tall task and quite a responsibility so I'll need to advise her with the most accurate of information--to the best of my ability. And I thank you in advance for assisting me to that end.

Please provide me with said material by mail. To my address at -

66 Montowese St.
Hartford, CT 06114
Attn: Nelson Valle

**For all other purposes, not responsive to the action in federal court in the matter of Valle v. Bendett,** collections or otherwise, please consider any communication not directed toward me specifically regarding any claim or responsive to any collection action(s) and/or the matter at hand, a **cease and desist letter** from Brunilda, under the FDCPA, as she wishes no further communication from your firm. This letter grants consent for your company to communicate with me ONLY not her—this request is effective upon receipt of this letter. I will patiently wait for your response.

I will patiently wait for your response.

Thank you again in advance,

---

Nelson Valle *Agent* for Brunilda ValleCastro
All Rights Reserved

PS – It is my understanding that your intentions are to move forward in attempting to acquire my property. Accordingly, minus a dismal of said action, please be advised that all counter actions hence forward will be without notice.

Enclosure
    ✓  Pay off Quote page referencing the Lender available to assist us.

1

2

3

4

5

6

7

8

9

10

11

12

# EXHIBIT K

13    Motion of Strict Foreclosure Inclusive of a Monetary Claim and Two Affidavits – November 20th 2015

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

| | | |
|---|---|---|
| DOCKET NO: HHD-CV-14-6052583-S | : | SUPERIOR COURT |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-4 | : | J.D. OF HARTFORD |
| VS | : | AT HARTFORD |
| VALLE CASTRO, BRUNILDA, ET AL | : | NOV 2 0 2015 |

## PRELIMINARY STATEMENT OF MONETARY CLAIM

Pursuant to Practice Book Section 23-18(b), the Plaintiff hereby sets forth its preliminary statement of its monetary claim by the contents of the affidavit of debt, executed on November 18, 2015, of which a copy is attached as Exhibit A (from which personal identification information has been redacted per P.B. §4-7 when applicable).

These amounts are preliminary and are subject to change, correction, modification, addition, reduction, deletion or amplification at the time of the hearing on Plaintiff's Motion for Judgment of Strict Foreclosure.  The omission of any item of debt or a statement of an item in an amount that is less than the total amount owed on the subject mortgage loan is not and is not

**NOTICE:  THE LAW FIRM OF BENDETT & MCHUGH, P.C. IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY WHICH DISCHARGED THIS DEBT, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.**

intended to be a waiver of any such items or amounts.  Litigation costs, expenses and attorney's fees are not included even though claimed and claimable pursuant to the terms of the promissory note and mortgage that form the basis for this action.

THE PLAINTIFF,

By _____
Jeffrey M. Knickerbocker
Bendett & McHugh, P.C.
Its Attorneys

# EXHIBIT A

DOCKET NO: HHD-CV-14-6052583-S : SUPERIOR COURT

THE BANK OF NEW YORK MELLON : J.D. OF HARTFORD
FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-4

VS : AT HARTFORD

VALLE CASTRO, BRUNILDA, ET AL : _November 18th_ 2015

### AFFIDAVIT OF DEBT

I, Savannah Witte, being over the age of eighteen years and understanding the obligations of an oath, hereby depose and say:

1. I am employed as a[n] Document Execution Specialist, by Ditech Financial LLC fka Green Tree Servicing LLC ("Ditech Financial LLC"), Attorney in Fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4 for the mortgage loan account at issue.

a. Ditech Financial LLC is a Limited Liability Company. I have personal knowledge of the record keeping practices and procedures of Ditech Financial LLC with regard to servicing of mortgage loans as it pertains to amounts due on mortgage loan accounts. Ditech Financial LLC services mortgage loan accounts in the regular course of its business and makes in the regular course of its business records of the acts, transactions, events and occurrences regarding and pertaining to the mortgage loan accounts it services. Records of such acts, transactions, events and occurrences are made at the time of the acts, transactions, events and occurrences or within a reasonable time thereafter.

b. This is an action to foreclose a mortgage securing a debt owed by Brunilda Valle Castro which is evidenced by a promissory note dated March 23, 2005 in the original principal amount of $150,000.00 (the "Loan"), which loan is serviced by Ditech Financial LLC.

c. I have access to Ditech Financial LLC's business records of the amounts due on the Loan. I am personally familiar with the indebtedness owed on the Loan from my review of the business records maintained by Ditech Financial LLC regarding the Loan.

2. As of 9/16/2015 $206,824.76 is due and owing on the Loan, which amount includes the following:

| | | |
|---|---|---|
| Principal | | $146,759.01 |
| Interest from 6/1/2011 to 9/16/2015 @ 6.500% | | $40,934.55 |
| Pre-acceleration Late Charges | | $0.00 |
| Hazard Insurance Advances | $0.00 | |
| Tax Advances | $26,741.98 | |
| PMI\MIP Insurance | $0.00 | |
| Beginning escrow balance | ($0.00) | |
| Escrow Interest | ($0.00) | |
| Escrow Payments | ($9,844.54) | |
| Escrow Subtotal | $16,897.44 | $16,897.44 |
| Property Inspections | | $150.00 |
| Force Placed Hazard Insurance | | $2,083.76 |
| Other: | $0.00 | |
| Other: | $0.00 | |
| Other: | $0.00 | |
| Other: | $0.00 | |
| Other: | $0.00 | |
| Property Preservation Subtotal | $  0.00 | $  0.00 |
| (Suspense Account Credit) | | ($0.00) |
| (Other Credit) | | ($0.00) |
| TOTAL: | | $206,824.76 |

These itemized amounts may not include all fees, expenses and sums currently due and owing under on the Loan but the decision to omit such items does not indicate that such fees, expenses and sums were not properly due and owing at the time of any prior communications to the obligors on the Loan.

3. The per diem interest as of 9/16/2015 is $26.14.

4.  It is requested that this Court take judicial notice that there are no setoffs or counterclaims presently pending in the above-entitled action.

> Ditech Financial LLC fka Green Tree Servicing LLC, Attorney in Fact for The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-4

By: Savannah Witte
Its: Document Execution Specialist
Date: 11-18-15

Subscribed and sworn to before me at Rapid City, South Dakota, on Nov. 18th, 2015.

Elizabeth LeBeau                    11.18.15
Notary Public
My Commission Expires 3/16/2021

<u>CERTIFICATION</u>

I hereby certify that a copy of the above was mailed or electronically delivered on *November 20*, 20__ *15* to all counsel and pro se parties of record and that written consent for electronic delivery was received from all counsel and pro se parties of record who were electronically served, as follows:

Brunilda Valle Castro
66 Montowese Street
Hartford, CT 06114

John F. Diakun
Commissioner of the Superior Court

DOCKET NO: HHD-CV-14-6052583-S      :      SUPERIOR COURT

THE BANK OF NEW YORK MELLON FKA    :      J.D. OF HARTFORD
THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-4

VS                                   :      AT HARTFORD

VALLE CASTRO, BRUNILDA            :

## AFFIDAVIT REGARDING ATTORNEYS' FEES

Personally appeared ____Jeffrey M. Knickerbocker____, who being duly sworn,

hereby deposes and says:

A.      I am one of the attorneys for the Plaintiff in the above captioned matter.

B.      Below are tasks typically performed by employees of our firm in connection with the prosecution of a foreclosure action similar to this matter:

     1)      Review of client's foreclosure referral, including such loan and servicing documents as may be included with same, and client's action request (including review notice of default compliance, EMAP compliance, and copy of note) , order title search, order original documents, complete SCRA searches, complete Pacer searches, prepare and mail FDCPA validation notice, and prepare and transmit Federal Loss Mitigation Affidavit to client for execution. (1.5 hours)

     2)      Review of title search; preparation and review of lis pendens, summons, complaint, review of Federal Loss Mitigation Affidavit received from client and related documents required to be served with the Complaint; complete or review property registration and forward complaint and attendant documents to Marshal for service; coordinating recording of lis pendens and filing of property registration form; complete and transmit to client SCRA searches and Pacer searches; transmit first legal documents to client, e file complaint, order gap title search to cover period between the date of the title search and the filing of the lis pendens. (5.0 hours)

     3)      Review of marshal's return of service; review gap title search. (0.5 hours)

     4)      Numerous reporting to client regarding status and communication with various parties regarding the action. (3.0 hours)

     5)      Preparation and/or review of affidavit of debt and communication with client regarding execution of affidavit; order appraisal and review appraisal and appraiser's oath when received. (2.0 hours)

6)     Reviews of status of file; review status of appearances, monitor for filing of request for mediation; review original documents or evidentiary substitutes therefore and completion and return of bailee letter; preparation, review and filing of default motions, motion for judgment, proposed list of order of law days, EMAP Affidavit and related documents to be filed in connection with motion for judgment; e filing all motions and documents and mailing copies of the same to appearing parties. (4.0 hours)

7)     Review and filing of Preliminary Statement of Debt; review and preparation of file for judgment hearing, including preparing and e-filing the Foreclosure Worksheet and attorneys' fee affidavit; e filing all documents necessary for judgment and mailing the same to appearing parties; complete and transmit to client SCRA and Pacer searches, transmit all documentation used at judgment to client and attend foreclosure judgment hearing. (6.0 hours)

(Sub-Total: 22.0 hours)

### Specifically re Strict Foreclosure

8)     Complete and transmit to client SCRA and Pacer searches. (1.0 hours)

9)     Preparation and review of post judgment notices. (1.0 hours)

10)     Order IRS gap title search and review of the same to confirm no IRS lien present post lis pendens that would require special IRS notice (0.5 hours)

11)     Preparation of Certificate of Foreclosure and related work in connection with vesting of title. (1.0 hours)

12)     Transmit all documents to client; prepare and transmit chronology report to client. (1.5 hours)

(Sub-Total additional for strict foreclosure: 5.0 hours)
(Total re strict foreclosure: 27.0 hours)

### Specifically re Foreclosure By Sale

8)     Complete and transmit to client SCRA and Pacer searches. (1.0 hours)

9)     Preparation and review of post judgment notices. (1.0 hours)

10)     Communications with Committee for Sale. (1.0 hours)

11)     Communications with client regarding sales issues and bid and review of bid. (1.0 hours)

12)     Communications regarding sale results and review of Committee's report, motions and related documents; monitor for Court's orders on Committee's motions. (1.0 hours)

13)   Monitor for closing by Committee with successful third party bidder or arrange for payment of Committee's fees and expenses and closing with Committee to obtain Committee Deed and related documentation if Plaintiff is the successful bidder.  (1.0 hours)

14)   Preparation of Motion for Supplemental Judgment, including affidavit in support of Motion for Supplemental Judgment.  (1.0 hours)

15)   Transmit all documents to client; prepare and transmit chronology report to client.  (1.5 hours)

(Sub-Total additional for foreclosure by sale:  8.5 hours)
(Total re sale foreclosure:  30.5 hours)

C.    Based on the foregoing, we are requesting a fee of $2,450.00 if a judgment of strict foreclosure enters and $2,700.00 if a judgment of foreclosure by sale enters.

Jeffrey M. Knickerbocker

Subscribed and sworn to before me at Farmington, CT on November 24, 2015

Adam L Avallone
Commissioner of the Superior Court

Document #5909275
9028FC-20117830

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT L

Bank of New York Mellon's Email Correspondence With Valle – September 2nd 2014

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

Re: Property Inquiry                                                                        ↑ ↓ ✕

   MBS.Property.Inquiries@BNYMellon.com (MBS.Property.Inquiries@BNYMellon.com)   Add to contacts 9/02/14
To: The Profiler ▾

Thank you for your recent correspondence.

As per our database, you will need to contact the servicer for the address(es) listed in your email.  The servicer info is as follows:

Servicer:  Bank of America N.A.
Phone #:  800.669.6650/ 888.219 7773/ 866.781.0029 (option 3)/ 877.498 7226/ 800.669.2443

The servicer is the direct and only contact who would have the information you are seeking   BNY Mellon is not an investor but a Trustee and therefore does not physically own the loan or the property.  BNY Mellon does not have any say in how the property is disposed, loan modifications, etc.  This is the responsibility of the Servicer.

If you were referred to BNY Mellon by Bank of America, please provide the name of Bank of America representative for our records.

Thank you for contacting BNY Mellon

---

**BNY Mellon Property Inquiries**

Global Corporate Trust · Mortgage Backed Securities · Fax 212.815.8094

Re: Property Inquiry

The Profiler                         1-1        MBS Property Inquiries                                09.02.2014 12:38 AM

---

BNY Mellon,

Can you please clarify your position (security interest) in my property.
I have attempted to contact you before regarding an assignment
in the town hall but have been thus far unsuccessful? You are listed as
Trustee for CWAB, Inc  Asset- Backed Certificate series 2005-4 . ???

Property –
Brunilda ValleCastro
66 Montowese Street
Hartford, CT 06114

Could you kindly address this issue for me ...

1-What is **your** interest in my property?
2-Who has the authority to demand payments? (presumably that you gave)
3-Who owns the loan?
4-Who has the authority to initiate a foreclose?

Addressing these 4 questions would clarify things as I have been
confused about all the aforementioned question. You can address
by mail to the above address or simply by email if you prefer.


cordially,
BVC


NOTICE OF CONFIDENTIALITY/ LEGAL DISCLAIMER

The information in this email including any attachments, is confidential.  It is intended for the individual or entity above.  You are hereby notified that any dissemination, distribution, copying, use of, or reliance thereupon is

unauthorized and strictly prohibited.  If you have received this email in error, please immediately notify the sender by return email and delete it from your system.  Additionally, information in this correspondence is not

intended or should not be construed as legal or business advice.


The information contained in this e-mail, and any attachment, is confidential and is intended solely for the use of the intended recipient. Access, copying
or re-use of the e-mail or any attachment, or any information contained therein, by any other person is not authorized. If you are not the intended
recipient please return the e-mail to the sender and delete it from your computer. Although we attempt to sweep e-mail and attachments for viruses, we
do not guarantee that either are virus-free and accept no liability for any damage sustained as a result of viruses.

Please refer to http://disclaimer.bnymellon.com/eu.htm for certain disclosures relating to European legal entities.

1

2

3

4

5

6

7

8

9

10

11

12

# EXHIBIT M

13

Bank of New York Mellon's Communication to Bankruptcy Court – December 31st 2015

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT
- 35

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE: BRUNILDA VALLE CASTRO                :11 U.S.C. CHAPTER 7
          Debtor

                                              : CASE NO.: 15-22047 (amn)

                                                : DECEMBER 31, 2015

APPEARANCE AND REQUEST FOR NOTICES

PLEASE TAKE NOTICE, that the undersigned appears for THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC. ASSET-BACKED CERTIFICATES SERIES 2005-4, party-in-interest and creditor in the above-captioned case, and pursuant to Bankruptcy Rule 2002, requests that all notices be given to and served upon the undersigned at the office and telephone number set forth below.

Dated at Farmington, Connecticut, this 31st day of December, 2015.

THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC. ASSET-BACKED CERTIFICATES SERIES 2005-4

BY_____ /s/ John P. Fahey_____
    John P. Fahey
    The Witherspoon Law Offices
    790 Farmington Avenue
    Farmington, CT   06032
    (860)   676-9988
    Federal Bar No. ct07126
    Its Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing Appearance was electronically mailed, this 31st day of December, 2015 to:

**SENT ELECTRONICALLY**

Thomas C. Boscarino (Trustee)
Boscarino, Grasso & Twachtman
628 Hebron Avenue, Building 2
Suite 301
Glastonbury, CT 06033

U.S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

I hereby certify that a copy of the foregoing Appearance was mailed, first-class, postage prepaid, this 31st day of December, 2015 to:

**SENT VIA REGULAR MAIL**

Brunilda Valle Castro (Pro-Se Debtor)
66 Montowese Street
Hartford, CT 06115

/s/ John P. Fahey
John P. Fahey
The Witherspoon Law Offices
790 Farmington Avenue
Farmington, CT   06032
(860)   676-9988
Federal Bar No. ct07126
Its Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT N

The Witherspoon's Law Office Mandatory FDCPA Disclosure Notice eg. – December 31st 2015

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

NO.   LLI-CV14-6010831S                    :    SUPERIOR COURT

MIDFIRST BANK                              :    J.D. LITCHFIELD

VS                                         :    AT LITCHFIELD

RONALD PLOURDE, ET AL                      :    JANUARY 5, 2015

### NOTICE OF JUDGMENT

Pursuant to Section 17-22 of the Practice Book notice is hereby given to all non-appearing parties

that on the above date a judgment of foreclosure was entered by the above Court.  The terms of said

judgment are set forth on the attached notice.

PLAINTIFF

By /s/ Thomas W. Witherspoon, Jr.
Thomas W. Witherspoon, Jr.
The Witherspoon Law Offices
790 Farmington Avenue
Farmington, CT 06032
(860) 676-9988
Its Attorney
Juris No. 419106

THIS LAW FIRM IS A DEBT COLLECTOR.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

*The Witherspoon Law Offices*

*Farmington Commons*
*790 Farmington Avenue*
*Farmington, Connecticut 06032*
*Telephone (860) 676-9988 - Fax (860)-676-1360*

January 15, 2015

SENT BY CERTIFIED AND FIRST CLASS MAIL

Ronald Plourde
557 North Main Street
Thomaston, CT 06778

Michelle Plourde
471 Mason Hill Road
Northfield, CT 06778

RE:   Midfirst Bank vs. Ronald Plourde
      LLI-CV14-6010831S

### THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
### INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

Dear Mr. Plourde and Ms. Plourde:

This office represents your creditor in the above-referenced lawsuit.

I have been directed by the court to inform you that a Judgment of Foreclosure By Sale entered against you on January 5, 2015.  A detailed  Notice of Judgment and Taxation of Costs  is annexed hereto for your reference.

The court appointed a committee to conduct a sale of your property located at  557 North Main Street, Thomaston, Connecticut on March 28, 2015.

The court recommends that you should either file your own appearance in this matter or retain an attorney to represent you in this matter since you risk losing your ownership interest in the property as well as your interest in any equity that may be left over from the sale proceeds after payment of your debts in this foreclosure action.

The court further recommends that you contact the court after the sale to determine if there is any money distributable to you from the foreclosure sale.

Very truly yours,

Lisa A. Woodbury
Paralegal

Enclosure

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT O

The Connecticut Superior Court's Confusion? eg. – September 10th 2014

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**RETURN OF PAPERS**

JD-ES-57   Rev. 12-11
Pr. Bk. §§ 7-6, 12-2

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*



To:

| Name of case | Docket number |
|---|---|
| Bank of America vs. Costro | 14605 2583 |

| | | | Address of court *(Number, street, town and zip code)* |
|---|---|---|---|
| [X] Judicial District | [ ] Housing Session | [ ] Geographical Area Number | 95 Washington Street Hartford,CT 06106 |

## The Enclosed Papers Are Returned For The Following Reasons:

[ ] 1. Lack of signature on document/pleading. (Sections 4-2, 4-4, 7-6 of the Connecticut Practice Book)

[X] 2. Lack of certification. (Sections 10-14, 11-1, 7-6 of the Connecticut Practice Book)

[ ] 3. Lack of case title. (Sections 4-1, 7-6 of the Connecticut Practice Book)

[ ] 4. Lack of docket number. (Sections 4-1, 7-6 of the Connecticut Practice Book)

[ ] 5. Lack of nature of document, for example, lack of name of designation of pleading, motion or request. (Sections 4-1, 7-6 and form 101 of the Connecticut Practice Book)

[ ] 6. Lack of fee.

[ ] 7. Lack of order page. (Sections 11-1, 7-6 of the Connecticut Practice Book)

[ ] 8. Returned to wrong court. (Section 12-2 of the Connecticut Practice Book; Section 51-347 of the Connecticut General Statutes)

[ ] 9. No address or telephone number on Appearance. (Section 3-3 of the Connecticut Practice Book)

*Please include a certification section including name and address of each party and/or attorney that copy was mailed to.*

By *(Assistant Clerk):*   **Hartford Superior Court**      Date:   9/16/14

> The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA/*

1

2

3

State of Connecticut    )
                        ) ss
County of Hartford      )

4

5    On Jan. 20, 2016 before me, Lori J. Magora, notary public in and for Hartford County,
State of Connecticut, personally appeared Nelson Valle, who proved to me on the basis of satisfactory evidence
to be the party whose name is subscribed to the within instrument and acknowledges to me that Nelson Valle, set
forth the contents hereof in authorized capacity, and that by signing the instrument Nelson Valle, hereby executes
the instrument.

6

7

8    ### VERIFICATION OF COMPLAINT AND CERTIFICATION

9    **1.** I am the Plaintiff in this civil proceeding.
**2.** I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good  faith
argument for the   extension, modification or reversal of existing law.
**3.** I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant,
cause unnecessary delay to the Defendant, or create a needless  increase in the cost of litigation to the Defendant,
named in the Complaint.
**4.** I have filed this Complaint in good faith and solely for the purposes set forth in it.
**5.** Each and every attachment I have provided to this Complaint is a true and correct copy of the original.
**6.** Except where clearly indicated, I have not altered, changed, modified or fabricated these attachments, except that
some of the attached exhibits may contain some of my own handwritten notations.

10

11

12

13

14    I certify under penalty of perjury under *28 U.S.C. § 1746(2)* and the laws of the State of Connecticut that the
foregoing paragraph is true and correct.

15

16

17    Witness my hand and official seal:

18

19    NOTARY PUBLIC SIGNATURE

My commission expires 9 30 2020

20

21

22                                            **NOTARY PUBLIC SEAL**

23

24

25

26

27

28

**AMENDED COMPLAINT**
- 38

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1

2

3

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing was provided electronically via email to Bendett & McHugh, P.C.
on this 19th day of January 2016 at there email of record.

4

5

_____
Nelson Valle

6

**STATE OF CONNECTICUT**

7

**COUNTY OF HARTFORD**

8

BEFORE ME personally appeared Nelson Valle who, being fully sworn and identified in

9

accordance with Connecticut Law, did execute the forgoing in my presence this 19th day of January 2016.

10

Name of Notary: Lori J Magora          **NOTARY PUBLIC**

11

Signature of Notary: Lori J Magora

12

My Commission Expires: 9-30-2020

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT
- 39

Nelson Valle
c/o 66 Montowese St
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com